(No. 14835.—Reversed and remanded.)

The Summit Coal and Mining Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Fred Wieman, Defendant in Error.)

*Opinion filed April 18, 1923.*

1. Workmen's compensation—*what cannot be considered on review to determine increase or decrease of disability.* On a hearing under paragraph (*h*) of section 19 of the Compensation act, matters which were finally determined on the original hearing as to the extent of the injury cannot be gone into, the sole question being whether the disability has increased or decreased since the time of the award.

2. Same—*award for total loss of sight may be reviewed under paragraph* (*h*) *of section 19—evidence.* Although a finding in the original proceeding that the employee is totally blind is conclusive on both parties, where no appeal is taken, as to all questions in regard to the extent of the injury when the award is made, it does not preclude a review under paragraph (*h*) of section 19 of the Compensation act on the ground that the disability has decreased, and it may be determined on the review whether or not the employee at the time of the second hearing is totally blind; and the testimony of the employee that his sight is the same as on the first hearing is not competent.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

M. U. HAYDEN, and JOHN P. GRIFFIN, for plaintiff in error.

W. J. MACDONALD, and J. A. LONDRIGAN, for defendant in erorr.

Mr. JUSTICE FARMER delivered the opinion of the court:

January 8, 1919, the Industrial Commission filed its decision finding that Fred Wieman, as the result of certain injuries sustained while he was working in the mine of the Summit Coal and Mining Company, had suffered the loss of the sight of both eyes, which, under the provisions of section 8 of the Workmen's Compensation act, constituted total and permanent disability, and compensation and a pension for life were accordingly awarded. This decision was confirmed by the circuit court and stands as a final adjudication of all questions in dispute at the time the decision was made. Thereafter plaintiff in error filed with the Industrial Commission its petition for a review of said award under the provisions of paragraph (*h*) of section 19, upon the ground that the disability of Wieman, subsequently to the date of the award, had diminished. The prayer of the petition was denied and the decision of the commission was reviewed and confirmed by the circuit court, and this court granted a writ of error to review the judgment.

On the hearing on review the evidence showed clearly that Wieman is not now totally blind. The award, and the judgment of the circuit court confirming it, were an adjudication that Wieman was permanently and totally disabled by reason of the injury having rendered him totally blind, and upon the hearing under paragraph (*h*) of section 19 the correctness of that adjudication could not be inquired into but was conclusive and binding on the parties.

The question for consideration on the review was whether the disability had diminished since the award was fixed and determined. *Simpson Construction Co.* v. *Industrial Board,* 275 Ill. 366; *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 id. 120; *Stromberg Motor Device Co.* v. *Industrial Com.* 305 id. 619.

The decision of the Industrial Commission was filed January 8, 1919, and the petition for review under paragraph (*h*) of section 19 was filed with the Industrial Commission January 16, 1920, and the hearing was had on that petition October 23, 1920. The proof of plaintiff in error that Wieman was not then totally blind and that he had been employed practically all the time since the award was made, as stableman to feed, harness and water mules in another mine, and had worked a few days as a mine examiner, was not disputed. He was paid a substantial wage for his services. He testified his eyesight was about the same at the time he testified as it was when the award was made. There was no other proof offered which in any way related to the condition of his eyesight at the time the original award was made. Counsel for Wieman contend the proof showed that as the condition of his eyesight was the same as at the time the award was made there had been no decrease in the disability and therefore the petition was properly denied. Neither party is permitted in proceedings under paragraph (*h*) of section 19 to be heard as to the extent of the disability at the time the award was made. As we have said, the award, when it became final, settled the question of the nature and character of the disability then existing. The award made in this case settled the question that Wieman was totally blind and entitled to compensation on that basis, whether it was true, as a matter of fact, or not, and was equally binding on both parties. If on review it appeared from the proof that Wieman was not then blind, it would be conclusive evidence that the disability had diminished. Wieman did not deny on the last hear-

ing that he could then see and that he could and did perform labor for which he drew substantial wages, but he did testify his eyesight had not improved but was about the same then as it was when the original award was made. This was, in effect, an admission that his disability was not as great as the commission found it to be, and he claims there having been no change in his eyesight since the award was made, the commission was bound to find there had been no decrease in the disability and deny the petition. Wieman was as fully bound and concluded by the finding of the commission as to the nature and extent of the disability as plaintiff in error. It was no more competent for him to testify or prove what his condition was at that time than it would have been for plaintiff in error to have offered proof on that question. So far as the case on review was concerned, Wieman was totally blind when the award was made. It was not competent for either party to prove at the hearing on review that he was or was not blind when the award was made. The proof was required to be confined to the condition of his eyesight since the award was made, at which time he was adjudged totally blind. The uncontradicted proof shows that at the time of the hearing on review Wieman was not totally blind and showed there had been a decrease in his disability since the award was made. The Industrial Commission should have determined how much the disability had decreased instead of wholly denying the petition.

The judgment is reversed and the cause remanded back to the circuit court, with directions to remand the case back to the Industrial Commission for further hearing and proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*