THE VALIER COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PETE BATRECIVICH, Defendant in Error.)

*Opinion filed December 16, 1925.*

1. WORKMEN'S COMPENSATION—*what is sufficient to support a finding of recurrence of disability.* Where the Industrial Commission has found that an injured employee was incapacitated for work for a certain number of weeks, which had expired at the time of the hearing, on a subsequent petition for review under paragraph (*h*) of section 19 of the Compensation act no evidence is admissible on the question whether at the time of the former hearing there was an existing permanent disability, but evidence that the employee worked for some months after that time but was compelled to quit, and that his injuries had become permanent, is sufficient to support a finding of a recurrence of disability.

2. SAME—*commission should make finding as to when recurrence of disability began.* On a petition for review under paragraph (*h*) of section 19 of the Compensation act the Industrial Commission should make a finding as to when the recurrence or increase of disability began, but evidence that the employee, after the period of incapacity immediately following his injury for which compensation was awarded, worked for some months but was compelled to quit because of his injuries, is sufficient to justify a finding that the recurrence of disability began when he was compelled to quit work.

3. SAME—*compensation must be awarded as provided in statute.* Compensation must be computed and awarded as provided in the statute and no other basis can be adopted even though it might seem equitable in a particular case, and where the statute is not followed the award will be set aside.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. JOHN C. EAGLETON, Judge, presiding.

W. H. HART, M. M. HART, and W. W. HART, for plaintiff in error.

A. W. KERR, and A. C. LEWIS, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

In the course of his employment by the Valier Coal Company, Pete Batrecivich on June 28, 1921, was accidentally caught between a heavy coal car which he was loading and the face of the coal and his hips and chest were crushed. Upon his petition to the Industrial Commission he was awarded compensation by an arbitrator at the rate of $14 a week for 40 weeks, being the period of his temporary total incapacity to work. He filed a petition for review, which was heard on February 14, 1923. Without the taking of any testimony, by agreement of the parties the Industrial Commission set aside the award of the arbitrator and entered an award of compensation at $14 a week for a period of 61¼ weeks, the period of total incapacity. On the next day the petitioner again went to work as a trapper for the Valier Coal Company for $7.25 a day and continued to work for six months. This work consisted of opening doors for the motor and throwing switches, and required quick motion, rapid running and stooping. On August 15 he was compelled to quit this work because his physical condition had become worse and he was no longer able to do the work. He asked for work at single door trapping, but the company did not give him this work. He tried cleaning road and cleaning coal and rock off the track, but was forced to abandon that after three or four days on account of the pain in his hips and spine. On September 18, 1923, he filed with the Industrial Commission his petition under section 19*h* of the Workmen's Compensation act, averring that his disability had recurred and increased and asking for an award of additional compensation. After a hearing on this petition an award was made on August 1, 1924, finding that the petitioner's disability had recurred and increased and that he had become permanently partially incapacitated, and an award was made under section 8*h* of the act of $14 a week for 303-4/7 weeks for such permanent partial inca-

pacity. The record of the proceeding was reviewed by the circuit court upon a writ of *certiorari*, the award was confirmed, and upon the petition of the Valier Coal Company a writ of error was allowed.

The plaintiff in error argues that there is no evidence that after the award of the commission on the review of the arbitrator's award there was a recurrence or increase of disability, and that the commission in its order made no finding that the disability of the defendant in error had recurred or increased since the last hearing, and made no order as to when compensation payments should begin under the order. The award of February 14, 1923, was conclusive of the nature and extent of the disability of the defendant in error then existing. It settled the question that the accident had partially incapacitated the defendant in error for work for 61¼ weeks, which had then elapsed, and that there was at the time of the hearing no existing permanent disability. No evidence was admissible on the hearing by the commission of the subsequent petition as to that question, and if the evidence at the later hearing showed that the defendant in error was permanently partially disabled it would be conclusive that his disability had recurred or increased since the previous hearing. (*Summit Coal Co.* v. *Industrial Com.* 308 Ill. 121; *Stromberg Co.* v. *Industrial Com.* 305 id. 619; *Simpson Construction Co.* v. *Industrial Com.* 275 id. 366.) The order of the commission finds that the disability of the defendant in error has recurred and increased and that he has now become permanently partially incapacitated from pursuing his usual and customary line of employment as a result of the injury sustained on June 28, 1921. Since he was shown not to have been permanently disabled at the time of the last hearing but worked for months afterward, this finding of a recurrence of his former disability must refer to a recurrence since the last hearing. The finding has abundant support in the evidence. The injuries of the defendant in error were severe. There were two fractures

of the bones of the pelvis on the left side and fractures of two ribs on the right side. These have healed with some deformity. There is an enlargement of some of the articulations of the bones of the pelvis and an angulation or curvature of the spine in the dorsal region, caused by the slipping of the fourth and fifth dorsal vertebræ upon themselves. The defendant in error has lost weight, having fallen off since his injury from 140 pounds to 116 pounds. There is some difference of opinion among the experts, but there can be no serious question about the fact that the bodily strength of the defendant in error is diminished; that his capacity for hard physical labor, the only employment for which he is qualified, is reduced; that he cannot do heavy manual labor; and that, as one of the physicians expressed it, he will probably finish his life as a workman with a handicap. He has sustained no additional injury, but the evidence justifies the inference that his present physical disability is a recurrence of the original disability occasioned by the crushing of his body, and that it is permanent.

The order of the commission does not find the date of the recurrence of the disability and does not fix the time for beginning the additional payments. At the time of the original award the 61¼ weeks during which compensation was ordered to be paid had already expired. There could be no further compensation awarded except upon a recurrence of disability occasioned by the injury. There was no such recurrence before August 15, 1923, for the defendant in error was working during all that time in the mine. At that time he quit work for the reason that he was unable to do the work in which he was employed, and he has since continued unable to work at that employment. The evidence justified the commission in finding that at that time there was a recurrence of disability occasioned by the injury. It did not include an express finding to that effect in its order. The commission should have stated in its order the time when compensation payments under it should be-

gin, and under the evidence should have directed them to begin on August 22, 1923. The total amount of the award is $4250. This is $250 greater than the act permits. The defendant in error had two children under sixteen years of age, and the maximum compensation allowed under the act of 1919, under which this case was to be determined, was $4000.

The plaintiff in error contends that the decision of the commission extended the payments beyond the period of eight years from the date of the accident, limited by section 8*h* of the act of 1919, except in case of complete disability. The order directed that the plaintiff in error should have credit for all compensation theretofore paid. The court should have limited the amount of the payment to $4000, which would have reduced the period to 285-5/7 weeks. Deducting the 61¼ weeks for which the order gives the plaintiff in error credit, the payments would extend through 224 weeks from August 15, 1923, and would end in 1927, about six and a half years from the date of the injury, June 28, 1921.

The plaintiff in error contends that there is no competent evidence in the record on which to base an award of $14 a week. Section 10 of the Workmen's Compensation act, which establishes the basis for computing the compensation, provides that the compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury, and that employment by the same employer shall be taken to mean employment by the same employer in the grade in which the employee was employed at the time of the accident, uninterrupted by absence from work due to illness or any other unavoidable cause, and if the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed ac-

cording to the annual earnings which persons of the same class, in the same employment and same location, or if that be impracticable, of neighboring employments of the same kind, have earned during the same period. On the hearing before the arbitrator it was stipulated that the defendant in error worked for the plaintiff in error 146 days in the year next preceding the accident and earned $1141.98, but on the hearing of the present petition it was shown that he had been employed by the plaintiff in error the full year before his injury, working 217½ days and receiving $1709.33, an average of $7.85 a day. He worked seventy-five days at loading coal and 142½ days at shift work, for which he was paid by the day, $7.50. The last six days before his injury he worked as a loader and earned $77.04, $12.84 a day. It appeared from the evidence that his earning capacity at the time of the hearing was $4 a day. His earning capacity as measured by the stipulation on the original hearing was $7.82 a day. This would show a reduction in earning capacity of $22.92 a week, but it is not the basis on which the statute authorizes compensation to be computed. That basis must be followed. We have no right to depart from it and adopt a different basis even though it might seem equitable in the particular case. The evidence in the record furnishes a basis on which we might correct here the error in the excessive amount of the award and the omission to fix the time for the commencement of payments under the order, but the evidence does not furnish any basis upon which we can fix the proper amount of the weekly payments.

The judgment of the circuit court is therefore reversed and the cause is remanded to that court, with directions to set aside the award and remand the cause to the Industrial Commission to hear additional evidence only as to the amount of compensation to be awarded.

*Reversed and remanded, with directions.*