STOUGHTON WAGON COMPANY and another, Appellants, vs. MYRE and another, Respondents.

*March 18—April 11, 1916.*

*Workmen's compensation: Relative injury clause: Construction: Partial loss of vision.*

Under that part of sub. (5), sec. 2394—9, Stats., generally referred to as the relative injury clause,—providing for compensation which "shall bear such relation to the amount" stated in the schedule "as the disabilities bear to those produced by the injuries named in the schedule,"—an employee whose injuries resulted in the permanent loss of four fifths of the vision of one eye, but did not affect his earning capacity, was properly awarded indemnity to the amount of four fifths of the allowance provided in the schedule for "total blindness of one eye." *Northwestern F. Co. v. Industrial Comm.* 161 Wis. 450, distinguished.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Affirmed.*

Action to set aside an award made by the *Industrial Commission* under the Workmen's Compensation Act.    The facts were that the defendant *Myre,* October 24, 1914, while performing service in the employ of the plaintiff *Wagon Company* (both being subject to the provisions of the Workmen's

Compensation Act, secs. 2394—1 to 2394—31, Stats. 1913),
was struck in the left eye by the head of a bolt, causing in-
juries which resulted in the permanent loss of four fifths of
the sight of that eye.    His earning capacity was not affected
by the injury.    The *Industrial Commission* awarded him in-
demnity for the loss of vision under the provisions of sub. (5),
sec. 2394—9, Stats., holding that the claimant was entitled
to four fifths of the allowance prescribed by that subdivision
for "total blindness of one eye" under the terms of that part
of said subdivision generally referred to as the relative injury
clause, which says that "in all other cases in this class" the
compensation "shall bear such relation to the amount" stated
in the schedule "as the disabilities bear to those produced by
the injuries named in the schedule."

The section will be found quoted at length in the case of
*Northwestern F. Co. v. Industrial Comm.* 161 Wis. 450, 152
N. W. 856, and need not be repeated here.

The award was affirmed by the circuit court and the plaint-
iffs appeal.

For the appellants there was a brief by *Quarles, Spence &*
*Quarles,* attorneys, and *I. A. Fish,* of counsel, and oral argu-
ment by *Mr. Fish.*

For the respondent *Industrial Commission of Wisconsin*
there was a brief by the *Attorney General* and *Winfield W.*
*Gilman,* assistant attorney general, and oral argument by
*Mr. Gilman.*

WINSLOW, C. J.    It was held in *Northwestern F. Co. v.*
*Industrial Comm.* 161 Wis. 450, 152 N. W. 856, that a par-
tial and permanent impairment of the strength and useful-
ness of an arm was not within the class of injuries scheduled
in sub. (5), sec. 2394—9, Stats. 1913, because that schedule
referred to the physical loss of an arm, and mere impairment
without loss of the member could not be held to be in that
class.

The case before us, however, is plainly not within that rea-

soning.    The schedule gives a certain compensation for total blindness of one eye, the physical organ itself being retained, and in the present case there is partial blindness of the eye, the physical organ being retained.    The court is of opinion that this injury is logically within the statutory class and hence that compensation under the relative injury provision of the statute was properly awarded.

The relative injury clause in question has been amended by ch. 378, Laws 1915, so that there is now no doubt of the legislative purpose to make it applicable to all cases of permanent disability resulting from injuries to those members of the body or its faculties named in the schedule although the member be not severed or the faculty totally lost.

*By the Court.*—Judgment affirmed.