## VUKELICH v. INDUSTRIAL COMMISSION OF UTAH
et al.

*No. 4037.   Decided November 26, 1923.   (220 Pac. 1073.)*

1. MASTER AND SERVANT—PROVISION FOR COMPENSATION FOR "ANY
   OTHER DISFIGUREMENT OR LOSS OF BODILY FUNCTION" CONSTRUED.
   As used in Comp. Laws 1917, § 3138, as amended by Laws 1919,
   c. 63, fixing the rate of compensation for partial disability as
   60 per cent. of the difference between the average weekly wages
   before the accident and the weekly wages thereafter, and as 60
   per cent. of the average weekly wages for specified periods in
   case of certain enumerated injuries and "any other disfigure-
   ment or the loss of bodily function not otherwise provided for,"
   the quoted words include such other injuries as are similar to
   the loss of physical members enumerated, in the respect that
   they are fixed and permanent, and their consequence and de-
   gree of disability can be presently ascertained.

2. MASTER AND SERVANT—INJURY HELD TO CONSTITUTE "LOSS OF
   BODILY FUNCTION" WITHIN COMPENSATION ACT.   Where three of

employee's vertebræ were crushed together, and the formation
of bone callous blended them as one, and interfered with the
motion of the spine, he suffered "loss of bodily function" within
Comp. Laws 1917, § 3138, as amended by Laws 1919, c. 63, pre-
scribing the rate of compensation for partial disability in case
of "loss of bodily function not otherwise provided for."

Original proceedings by Matt Vukelich against the Indus-
trial Commission of Utah, the Judge Mining & Smelting Com-
pany and Ætna Life Insurance Company, to review an order
of the Commission making an insufficient award of compen-
sation to plaintiff under the Workmen's Compensation Act
(Comp. Laws 1917, §§ 3061-3165).

AWARD AFFIRMED.

*J. E. Johnson,* of Park City, and *Chris Matheson,* of Salt
Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst.
Att. Gen., for defendants.

CHERRY, J.

The plaintiff was injured on July 27, 1921, by an accident
in the course of his employment as a miner by defendant
Judge Mining & Smelting Company. The defendant Ætna
Life Insurance Company was the insurance carrier of the
Judge Mining & Smelting Company.

The Industrial Commission awarded compensation to the
plaintiff, who, being dissatisfied therewith, brings the case
here by a writ of review.

In consequence of his injuries, the plaintiff was totally dis-
abled for a considerable period, during which he was allowed
and paid the maximum compensation allowed by law. On
February 14, 1923, a final hearing was had by the Industrial
Commission. The evidence was to the effect that the plaintiff
had been under a long course of observation and treatment
by several physicians, and that his physical condition had be-

come fixed on November 6, 1922, leaving him with a permanent injury to his spine, causing partial disability for work or loss of bodily function.

The injury was described as ankylosis of the tenth, eleventh, and twelfth dorsal vertebræ, the three vertebræ having been crushed together, and the formation of bone callous having blended them all as one, thus interfering with the motion of the spine. One physician said ''there is no motive function in this segment of the spine.'' There was opinion evidence by two physicians that the condition ''disables the man, at the present, at least, 33⅓ per cent. for any form of physical labor,'' and by another that, ''inasmuch as the union in the tenth, eleventh and twelfth dorsal vertebræ seems to be strong, and it is in a location where there isn't very much movement, I would think the disability wouldn't be over 20 per cent. of the spine.'' There was no other evidence of the earning ability of the plaintiff in his injured condition.

The plaintiff is an Austrian. His wife and child were residing at Jugo-Slavia, and being desirous of going to them he requested that the amount of his compensation might be fixed, and a sufficient amount advanced to pay the expenses of his trip, and the remainder, if any, forwarded to him there after his arrival. At the time of his injury he was earning $33.25 per week.

The Industrial Commission decided that as the result of his injuries the plaintiff had been totally disabled from the time of the accident up to and including November 6, 1922, at which time his period of total disability ended, and that he had sustained 33⅓ per cent. loss of bodily function. Compensation was awarded at the rate of $16 per week for total disability for the period stated; and for and on account of ''loss of bodily function'' additional compensation was awarded at the rate of $16 per week for 66 weeks and 4 days. It further permitted (sic) the plaintiff to go to his wife and child in Jugo-Slavia, and required defendants to pay a lump sum, to be agreed upon, of the compensation, sufficient to transport the plaintiff to his native land, and to pay the remainder at stated periods thereafter.

The substance of the plaintiff's objection to the award is that the Commission computed the compensation upon the basis of loss of bodily function, when it should have been fixed upon the basis of the difference between the plaintiff's average weekly wages before the accident and the weekly wages he is able to earn thereafter.

Comp. Laws Utah 1917, § 3138, as amended by chapter 63, Laws of Utah 1919, prescribes the methods for fixing the amount and period of weekly compensation for all cases of partial disability, and provides as follows:

"Where the injury causes partial disability for work, the employee shall receive, during such disability and for a period of not to exceed six years beginning on the fourth day of disability, a weekly compensation equal to 60 per cent. of the difference between his average weekly wages before the accident and the weekly wages he is able to earn thereafter, but not more than $16.00 a week. In no case shall the weekly payments continue after the disability ends, or death of the injured person, and in case the partial disability begins after a period of total disability the period of total disability shall be deducted from such total period of compensation. In the case of the following injuries the compensation shall be 60 per cent. of the average weekly wages, but not more than $16.00 to be paid weekly for the periods stated against such injuries respectively, and shall be in addition to the compensation hereinbefore provided for temporary total disability to wit:

"For loss of:

One arm at or near shoulder........................200 weeks.

(Then follows the names of other physical members, such as hand, leg, foot, eye, etc., with specified number of weeks set opposite.)

"Any other disfigurement, or the loss of bodily function not otherwise provided for herein, such period of compensation as the Commission shall deem equitable and in proportion to compensation in other cases not exceeding two hundred weeks."

Whether the Commission was authorized by this section of the statute to classify the plaintiff's injury as "loss of bodily function" and award compensation accordingly is the precise question presented.

A consideration of the whole section indicates the intention to divide injuries causing partial disability into two classes, and to provide a different basis for fixing the compensation of each class: (1) The general provision for all injuries

causing partial disability, in which class is included all injuries not otherwise provided for. The weekly compensation for this class of injuries is based in amount on difference in earning ability before and after the injury, and the period of payment depends, within certain limits, on the duration of the disability. (2) The second class includes those injuries which are fixed and permanent in their nature; the consequences and degree of disability of which can be presently ascertained without regard to future developments. The compensation for this class of injuries is computed immediately and definitely, the amount being based on the average weekly wages before the injury, and the period of payment according to a schedule prescribed. The injuries included in the second class, as defined by the statute, are the loss of the particular physical members described, and, ''any other disfigurement, or the loss of bodily function not otherwise provided for.''

Of course, the plaintiff's injury caused partial disability for work. Most compensable injuries do. But this is not the sole test in determining the method of computing compensation. The general provision of the statute that, where the injury causes disability for work, the employee shall receive compensation based upon the difference between his earnings before and after the injury is not absolute, but is modified by the subsequent provisions of the same section, which provide that particularly described injuries shall be compensated upon a different basis. By providing a different basis of compensation for particularly described injuries, those injuries are thereby excluded from general provisions which would otherwise include them.

The loss of an arm would cause partial disability for work, and is thus within the terms of the general provision of the statute. Yet no one would contend that the compensation in such case could be other than 60 per cent. of the average weekly wages for 200 weeks.

In addition to injuries by the loss of particular physical members, the statute places in the same class ''any other disfigurement, or the loss of bodily function not otherwise

provided for.'' These words are not meaningless. We think they evince a purpose to include such other injuries as are similar to the loss of physical members, in the respect that they are fixed and permanent, and their consequences and degree of disability can be presently ascertained.

Accordingly we conclude that the evidence was sufficient to support the findings of the Commission that the plaintiff's injury was a loss of bodily function, within the meaning of the statute, and that the Commission acted within its legal power when it computed and awarded the compensation according to the rule in such case provided.

Further objections are made to the effect that the findings of the Commission are not sustained by the evidence, and that the decision is arbitrary and speculative. We see no merit in them. The Commission gave this case long and careful consideration, and as we think made a correct and very liberal award. Indeed, it is doubtful if a greater total amount could have been awarded under the rule contended for by plaintiff.

The award of the Commission is affirmed at plaintiff's cost.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.