KLUM *v.* LUTES-SINCLAIR CO.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — RES JUDICATA — REOPENING CASE ON SHOWING OF CHANGED CONDITION.

Although an award to an injured employee by a deputy commissioner of the department of labor and industry under the workmen's compensation act, unappealed from, is *res judicata* as to all the essentials leading up to that award, yet, under 2 Comp. Laws 1915, § 5467, upon a showing by either party of a change in the physical condition of the employee, the department may reopen the case and increase or decrease the award as it finds the facts to warrant, not exceeding the limit fixed by the statute.[1]

2. SAME—AWARD FOR PARTIAL DISABILITY DOES NOT PRECLUDE REOPENING CASE ON SHOWING OF TOTAL DISABILITY.

Where, two weeks before the termination of the 300-week period fixed by the statute (section 5440) during which an injured employee may be paid compensation for partial disability, he petitioned the department of labor and industry for an award of additional compensation, claiming total disability, a showing that his condition had changed from partial disability to total disability since the previous award justified the department in awarding compensation for total disability for the remainder of the period of disability, not exceeding 500 weeks from the date of the accident.[2]

3. SAME — STATUTES — CONSTRUCTION — STATUTE SHOULD BE CONSTRUED TO GIVE EFFECT TO ALL ITS PROVISIONS IF POSSIBLE.

Construction of the various provisions of section 5440, 2 Comp. Laws 1915, which relates to compensation for partial disability under the workmen's compensation act, limiting the period of compensation therefor to 300 weeks, and section 5467, which is of general application to cases arising under said act, limiting compensation for total disability to 500 weeks, requires that both sections should be given full effect, if possible.[3]

[1]Workmen's Compensation Acts, C. J. § 151; [2]Id., C. J. § 151; [3]Id., C. J. § 34; L. R. A. 1917D, 186; 28 R. C. L. 823; 4 R. C. L. Supp. 1868; 5 R. C. L. Supp. 1579.

4. SAME—EVIDENCE—RECORD.

Where, upon the hearing of this petition, plaintiff was not a witness, but defendant's counsel made use of a certified copy of his testimony upon a former hearing on a claim for partial disability while cross-examining plaintiff's son, and it is included in the record as an exhibit, but the record fails to show that it was taken into consideration by the department in making its award, it may not be recognized by the Supreme Court, on certiorari to review said award, as part of the testimony on which the award was based.[4]

5. SAME.

Testimony of plaintiff at a hearing when a finding of partial disability had evidential support and was not appealed from, may not be used, on certiorari to review an award for total disability based on testimony given at a hearing about a year and a half later, to affect the disposition of the case by the Supreme Court.[5]

Certiorari to Department of Labor and Industry. Submitted January 7, 1926.    (Docket No. 35.)    Decided October 4, 1926.

Philip Klum presented his claim for compensation against the Lutes-Sinclair Company for an accidental injury in defendant's employ.    From an order awarding compensation, defendant and the Michigan Mutual Liability Company, insurer, bring certiorari.    Affirmed.

*L. J. Carey,* for appellants.

*Willard J. Banyon,* for appellee.

STEERE, J.    This is an appeal by certiorari from an award of the commission of the department of labor and industry granting plaintiff compensation at the rate of $10 per week for total disability resulting from an industrial accident, such compensation to be continued from July 18, 1924, during the period of total dis-

[4]Workmen's Compensation Acts, C. J. § 125; [5]Id., C. J. § 125.

ability not to exceed the legal limit fixed by statute, including the 300 weeks during which compensation had previously been paid him for partial incapacity.

The record shows in outline that plaintiff was seriously injured by a fall on October 12, 1918, while working at his trade as a carpenter and joiner in the employ of defendant Lutes-Sinclair Company of Benton Harbor.   Concededly the accident arose out of and in the course of his employment.   He was then 67 years of age, steadily employed at his trade, and receiving regular wages of 90 cents per hour.   The fall so seriously cut and bruised his head as to render him unconscious for over 24 hours.   As the result of his injuries he was confined to a hospital and his home for some months.   The injury was first reported by his employer under the compensation act as a non-compensable injury, and later as a compensable one. The usual proceedings were had and by agreement of the parties under the act he received compensation for total disability for 45 weeks and 4 days, including August 27, 1919.   He thereafter filed a petition for further compensation which was heard on July 12, 1923, before a deputy commissioner who on July 14, 1923, awarded him payment for partial disability at the rate of $5 a week from August 28, 1919, to July 4, 1924.   There still remained unpaid 2 weeks of the partial disability period under that order when on October 31, 1924, he petitioned for additional compensation, alleging that his disability had become total. A hearing was had on that petition before a deputy commissioner on January 6, 1925, and testimony taken resulting in an award of $10 a week for total disability from July 18, 1923.   This award by the deputy commissioner was reviewed before the full commission which modified the same, awarding compensation for total incapacity from July 18, 1924, "the end of the 300 weeks" instead of July 18, 1923, required compensation be paid for partial incapacity from July 18,

1923, to July 18, 1924, and that he should thereafter be paid $10 per week for total incapacity during a period not to exceed the limit fixed by statute, the commission finding there had been a change in plaintiff's condition for the worse, and he was, at the date of hearing on January 6, 1925, "totally disabled in his employment."

Defendants' claimed grounds for reversal are, in brief, that the commission was without jurisdiction to award compensation beyond expiration of the 300 weeks during which plaintiff had been awarded compensation for partial incapacity by a previous order of a deputy commissioner, not appealed from and therefore *res judicata;* there was no testimony to support the finding of the commission that the plaintiff had, on July 18, 1924, been totally disabled as a result of the accident, and the testimony does not support its finding that there was a physical change in plaintiff's condition for the worse since July 18, 1924.

This case is governed by provisions of the compensation act in effect on October 12, 1918, when the accident occurred, found in 2 Comp. Laws 1915, § 5423 *et seq.* By it the range of weekly compensation and maximum in time and amount are:

"Not more than ten dollars nor less than four dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed four thousand dollars." 2 Comp. Laws 1915, § 5439.

The following section (5440), relating to partial incapacity, provides that when the incapacity is partial the employee shall be paid weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages he is able to earn thereafter,—

"but not more than ten dollars a week; and in no case shall the period covered by such compensation be

greater than three hundred weeks from the date of the injury."

Under this provision appellants' counsel says that they have admitted liability and offered to pay compensation for partial incapacity during the two weeks between July 4 and 18, 1924, which ended the 300 weeks period, and the commission was powerless to grant compensation beyond that date, the extent of plaintiff's disability being *res judicata* in this proceeding.

Conceding that the deputy commissioner's unappealed from order of July 14, 1923, was *res judicata* as to all the essentials leading up to that award, plaintiff's physical condition yet remained open to subsequent inquiry under the provisions of the act (2 Comp. Laws 1915, § 5467) authorizing the industrial accident board (now commission of the department of labor and industry) on application of either party to review any weekly payment,—

"and on such review it may be ended, diminished or increased, subject to the maximum and minimum amounts above provided, if the board finds that the facts warrant such action."

Plaintiff's petition in this proceeding, filed October 31, 1924, is based on a claim of total incapacity, compensation for which is limited to 500 weeks from the date of the accident. In said sworn petition he states in part:

"That since the said hearing on the 12th day of July, 1923, he has become and now is totally sightless in both eyes, and while he was unable to perform any manual labor on the said 12th of July, 1923, still, your petitioner was able to get around and walked any place without the assistance of another person, and did advise and consult with his son, with whom he was engaged in business at the time, as to plans and specifications for building houses, and through which advice and consultation your petitioner did receive

certain compensation, but now for a period of a year and upwards, has not received any compensation and said total and permanent disability has occurred since the hearing on July 12th, A. D. 1923, before said arbitrator, Samuel G. Beattie, deputy commissioner of the department of labor and industry."

On the hearing of July 12, 1923, which was not appealed from, the deputy commissioner found a condition of partial incapacity existed then and before, entitling plaintiff to $5 per week for a period of partial disability from August 27, 1919, and adjudged:

"That said applicant is entitled to receive and recover from said respondents on this date $1,005, being the amount of such compensation that has already become due under the provisions of law, and the said applicant shall be entitled to continue to receive compensation at the above rate during the continuance of present conditions."

Whatever his physical condition might have been, that order limits it for purposes of compensation to partial disability, or incapacity, recovery for which could not extend beyond 300 weeks from the date of the injury.

Section 5440 only relates to partial incapacity, while section 5467 is of general application to cases arising under the act. Construction of their various provisions requires that both should be given full effect, if possible. To that end they are not only to be considered with reference to each other but their relations with all other provisions of the act and its general purposes. Construction of the *res judicata* rule as contended for by defendants would emasculate the plain provisions of section 5467 to a point where the commission could never increase the compensation in a case where an order not appealed from is an award for partial incapacity, although on review total incapacity within the time limit was shown beyond question. Such narrow construction is not within the

letter of the section in question nor spirit of the compensation act.

Plaintiff was not a witness at the hearing of this petition before a deputy commissioner on January 6, 1925. It was shown without dispute that he was then practically blind, feeble in mind and body and total incapacitated. Upon that hearing defendants' counsel made use of a certified copy of plaintiff's testimony taken at the hearing on July 12, 1923, while cross-examining plaintiff's son, as to which no objection was then made. That testimony, as well as plaintiff's petition and the deputy commissioner's award in the proceedings of July 12, 1923, are printed in this record, marked as exhibits A, B and C. Plaintiff's counsel has filed a special motion to strike these exhibits from this record because not offered in evidence at the hearing nor made a part of the commissioner's return to the writ of certiorari.

An examination of the original files in this case shows that these three exhibits with several others are attached to and made a part of defendants' petition for a writ of certiorari, pursuant to which the writ in this case was issued. Rule 60 of this court (201 Mich. xxviii) requires that within 10 days after allowance of a writ of certiorari plaintiff in error should serve upon the commission whose proceedings were to be reviewed a copy of the petition for the writ together with all exhibits attached to it and presumptively the commission had before it in making the return the exhibits in question here. The commission's concise return to that writ does not mention these exhibits either in denial or approval. With short introductory matter it certifies to six "schedules" attached to and made a part of the return as being "true copies of the original papers on file in the office of the department of labor and industry" and deals with them as follows:

"1. That attached hereto as Schedule 1 is a true copy of a petition for further compensation executed on October 28, 1924, and filed with the department of labor and industry October 31, 1924.

"2. That attached hereto as Schedule 2 is a true copy of respondents' answer to said petition, filed with the department November 6, 1924.

"3. That attached hereto as Schedule 3 is a true copy of the award on petition dated January 7, 1925, signed by Deputy Commissioner George A. Krogstad, and filed with the department January 7, 1925.

"4. That attached hereto as Schedule 4 is a true copy of the transcript of testimony taken at St. Joseph, Michigan, on January 6, 1925, on which the award of Deputy Commissioner George A. Krogstad was based.

"5. That attached hereto as Schedule 5 is a true copy of the claim for review filed by respondents and dated January 15, 1925 and filed with the department January 16, 1925.

"6. That attached hereto as Schedule 6 is a true copy of the order of the commission on hearing on review and entered on April 1, 1925.

"The department further returns that this record and each and all of the schedules annexed to it, should be printed as a part of the printed record, and that the petition for the writ of certiorari, including also the assignments of error contained in said petition, should be printed; but that if schedules or exhibits are attached to the said petition for writ of certiorari which are the same as the schedules attached to the return in this case, they should be printed only once, that is to say, they should be printed as a part of the return, but should not be printed as a part of the petition."

The three exhibits attached to the petition are not the same as any of the schedules attached to the return. As a part of the return they have been printed once and are a part of the files of this case. As they are not contradicted or questioned in the return they stand in this record as an undisputed part of it, for what they are worth. Schedule 4, certified as a true copy of the transcript of the testimony on which the deputy commissioner based his award in the instant

case, does not include plaintiff's testimony taken July 12, 1923.    The return is silent as to whether it was offered in evidence at the hearing before the commission or was taken into consideration by it in making the award here for review.    Thus left in the field of conjecture, it cannot be recognized as part of the testimony on which the commission based its award. We may, however, note in passing that if before us as evidence it could not affect our disposition of this case, as it was directed to issues of fact, including plaintiff's physical condition at the time of the hearing before the deputy commissioner on July 12, 1923.    His finding that plaintiff was then only partially incapacitated had evidential support, and was not appealed from.

As heretofore more than once pointed out by this court, at a hearing by the commission of a petition for review of an award under section 5467 all essentials leading up to that award are to be taken as *res judicata,* except the physical condition of the injured petitioner imputable to the accident.    If there is no competent proof that it has changed since the award the commission is powerless to act.    If there is evidence of a change either for better or worse the commission may then increase, decrease, or end the award as it finds the facts to be.    This court can only review and reverse its findings of fact if the record is destitute of any evidence to support them.

The *res judicata* award of July 14, 1923, found plaintiff but partially incapacitated and fixed his compensation accordingly to the exclusion of further inquiry up to that time.    The commission in this inquiry had ample evidence of a change from that condition, and to support its finding of total incapacity traceable to the accident.

The award will stand affirmed.

BIRD, C. J., and SHARPE, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.