(No. 21410.—

JACK J. COBINE, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE STOCKER PLUMBING AND HEATING COMPANY, Plaintiff in Error.)

*Opinion filed October 22, 1932—Rehearing denied Dec. 9, 1932.*

POPE & DRIEMEYER, for plaintiff in error.

FERDINAND TUNNELL, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant in error, Jack J. Cobine, an employee of the Stocker Plumbing and Heating Company, was injured on June 18, 1929, while engaged in laying a sewer drain. His employer voluntarily paid him compensation at $14 a week for four weeks. Dr. Barton, his attending physician, discharged him as recovered about the 15th day of August. An application for adjustment of claim under the Workmen's Compensation act was filed by Cobine on September 14, 1929. It was stipulated before the arbitrator that at the time of the injury the parties were operating under the provisions of the act; that Cobine sustained accidental injuries which arose out of and in the course of his employment; that his earnings during the year preceding the injury were $1456 and his average weekly wage was $28; that the sum of $56 had been paid on account of the injury, and that the questions in dispute are the nature and extent of the disability and compensation due, if any, and "the question of medical." The arbitrator awarded

compensation in the sum of $14 per week for a period of 267-6/7 weeks and thereafter a pension of $25 a month during Cobine's lifetime. On review the Industrial Commission held that Cobine sustained accidental injuries which arose out of and in the course of his employment but that he did not, as a result of the accidental injury, sustain any disability for which compensation is payable. The cause was taken to the circuit court by *certiorari* and the decision of the Industrial Commission was confirmed. This court denied a petition for a writ of error at the December term, 1930. On February 11, 1931, Cobine filed an application under paragraph (*h*) of section 19 of the Compensation act, alleging that his disability had recurred and increased subsequent to his injury. At the hearing his employer moved to dismiss the petition on the ground that Cobine's condition had been judicially determined not to be the result of the injury sustained by him in June, 1929, that such determination is *res judicata,* and that there was nothing for the commission to review.

On the original hearing before the arbitrator the medical testimony showed that Cobine was suffering from abdominal distention and pain. On the last hearing before the commission he offered testimony tending to show that he had done no physical labor and had been paid no money since the hearing on his original petition, and that shortly before September 3, 1930, he suffered from vomiting, loss of appetite and gas in the abdomen. Dr. J. P. Hale diagnosed the condition as due to an obstruction in the bowels and advised Cobine to undergo an operation. He was taken to the hospital on a stretcher on September 1, 1930, in an emaciated condition. His abdomen was semi-rigid and tender throughout, with maximum tenderness in the lower portion. Dr. Duff Allen, who performed the operation, testified that the cæcum and ascending colon were bound with adhesions which were very tough and had to be divided by sharp dissection. The adhesions about the as-

cending colon were unusually strong and it was necessary to cut across them with scissors. Such adhesions would produce pain and interfere with peristalsis of the abdomen. Both Dr. Allen and Dr. Hale attributed the adhesions around the ascending colon to the injury Cobine had received. The employer objected to this testimony, and, having elected to stand by its motion to dismiss the petition, introduced no evidence. The commission held that it was without jurisdiction to entertain the petition and allowed the motion to dismiss. A writ of *certiorari* was sued out of the circuit court of Madison county, and that court set aside the decision of the commission and awarded Cobine compensation in a lump sum of $3750. A writ of error is prosecuted to review that judgment.

Upon a hearing under the provisions of paragraph (*h*) of section 19 the only permitted inquiry is whether or not the disability has subsequently recurred, increased, diminished or ended. It was the duty of the Industrial Commission to consider the evidence on the original hearing and any additional evidence which had been offered upon the question of whether or not the condition existing at the time of the original hearing had changed. (*Belleville Brick Co.* v. *Industrial Com.* 305 Ill. 577.) It was not competent to inquire whether or not Cobine had received compensable injuries. That matter had been conclusively determined. The fact of the injury, and the disability arising therefrom as it existed at the time of the original hearing, are not open to review under paragraph (*h*) of section 19, (*Summit Coal Co.* v. *Industrial Com.* 308 Ill. 121; *Slogo Coal Co.* v. *Industrial Com.* 307 id. 41; *Bloomington, Decatur and Champaign Railroad Co.* v. *Industrial Board,* 276 id. 120;) but the extent of the disability, so far as the same may have recurred, increased, diminished or ended, is the proper subject matter for consideration under said paragraph. *Slogo Coal Co.* v. *Industrial Com. supra.*

The commission's finding in the original proceeding that Cobine did not sustain any disability for which compensation was then payable was referable to the condition existing at the time of the hearing. It was admitted he had received injuries which arose out of and in the course of his employment and had been paid $56 on a basis of $14 per week. A somewhat similar situation arose in *Donk Bros. Coal Co. v. Industrial Com.* 325 Ill. 193. The applicant was injured in a coal mine. He was knocked off a motor used for drawing coal cars and the back of his head struck against an empty car. He suffered paralysis of his right eye and the right side of his face. On the original hearing the arbitrator found that as a result of the injury sustained by the applicant he did not suffer any loss of time for which compensation was payable nor any specific loss of the use of his eye. The commission made the findings the decision of the commission. Neither party sought a review of the proceedings. Under paragraph (*h*) of section 19 the applicant was awarded compensation for increased disability arising from cataracts which had to be removed from both eyes. The award was upheld by the circuit court, and this court affirmed the judgment. We said: "We are of the opinion that paragraph (*h*) of section 19 was intended to cover cases where an accidental injury arising out of and in the course of the employment has occurred though at the time of the hearing the injury had not resulted in loss of time of the employee or there was not then shown a loss of use of a member by reason of the accident. Where such loss of time or loss of use is shown to arise out of the accident, it is but within the purpose of the act to say that within eighteen months after the award an increase of the injuries resulting from the accident may be shown. The purpose of this review is met by this construction of that section. It was inserted by the legislature because of the recognized inability of the medical profession to forecast with certainty results arising from an injury or the

exact extent of that injury." It was contended in that case that since the arbitrator and the commission found that the applicant did not suffer any loss of time or any specific loss of the use of his eye there was no award and nothing to review. This court held that the payment for medical services, coupled with the finding of an accidental injury arising out of and in the course of the employment, afforded ample basis for saying that an award was, in effect, entered, and that if such payments had not been voluntarily made an award would have been entered therefor. In the case at bar the payments were admittedly made as compensation for an injury arising out of and in the course of the employment. The question of whether Cobine's disability subsequently recurred, increased, diminished or ended could not have been adjudicated in the original proceeding.

The circuit court was right in holding that the Industrial Commission had jurisdiction to entertain Cobine's petition under paragraph (*h*) of section 19, but it was in error in making a lump sum award. The statute contains no provision authorizing the circuit court to make an award in a lump sum. That can be done only by the commission upon a petition of the employer, employee or beneficiary, and it must be shown that it is to the best interests of the parties that compensation should be so paid. The amount to be paid is determined by a mathematical formula set forth in section 9 of the Compensation act. The circuit court should have remanded the cause to the commission, with directions to conduct a hearing on the petition in accordance with the provisions of the statute.

The judgment of the circuit court is therefore reversed and the cause is remanded to the circuit court, with directions to remand it to the Industrial Commission for further hearing and proceedings in conformity with the views herein expressed. *Reversed and remanded, with directions.*