(No. 6133.   April 3, 1935.)

ALEX BARRY, Respondent, v. PETERSON MOTOR COMPANY, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[46 Pac. (2d) 77.]

Leslie J. Aker, for Appellants.

W. H. Langroise and Sam S. Griffin, for Respondent.

GIVENS, C. J.—September 11, 1931, respondent, while employed by appellant Peterson Motor Company, as an automobile salesman, suffered an accident, resulting in a prolapsed kidney (disputed but so found by the board) and three broken vertebrae between the hips, for which he received $16 a week for 29 weeks of total temporary disability, and after an operation to correct the above injuries, was pronounced surgically healed April 1, 1932, and a compensation agreement entered into April 2d, approved by the Industrial Accident Board, for $13.75 a week for 148½ weeks of partial disability, due to a loss of function and injury to the spine, arrived at by comparison and similarity to 82½ per cent of the amputation of one leg at the hip joint. On this basis, he was paid the full 148½ weeks. Thereafter, November 10, 1932, respondent filed an application for changed condition review alleging a recurrence of the prolapsed kidney and complications, and that the rate of compensation at $13.75 should have been $16 a week, because his average rate of pay prior to the accident justified the higher indemnity under I. C. A., sec. 43–1110. Contrary to appellants' contention there was no commutation of payment under I. C. A., secs. 43–1407 and 43–1121, barring the relief asked for, merely periodical payments under I. C. A., sec. 43–1120.

Appellants' next point is that a comparison of the injury to the spine and the prolapsed kidney could not be made with any specific indemnity under I. C. A., sec. 43–1113, to sustain the percentage basis of the first award now making a total as of the loss of one leg at the hip.

Respondent concedes that any injury to the kidney is not mentioned in I. C. A., sec. 43–1113, but justifies the board's percentage comparison on the phrase, "and all other cases in this class." The correct interpretation of this section depends upon the meaning of the term "class." If the word "class" be considered to mean partial disability, then sec. 43–1112 becomes meaningless because under such interpretation all partial injuries could come under sec. 43–1113. Quoting from *Cornell v. Cities Service Gas Co.*, 138 Kan. 607, 27 Pac. (2d) 228, at page 229:

"Fundamentally, almost any scheduled injury under our Workmen's Compensation Law produces some — perhaps slight although it may be substantial—unnatural result upon normal bodily functions. If it were to be held that all such results constituted general partial disability under the statute, there would be little or no purpose in having scheduled injuries."

See *Porter v. Sinclair Prairie Oil Co.*, 169 Okl. 449, 37 Pac. (2d) 626. Yet the legislature intended to make provision for certain specific injuries and indemnities not considered to come under sec. 43–1112, and sec. 43–1112 deals only with partial disability which may be either permanent or temporary. Section 43–1111 deals wholly with total disability which may be permanent or temporary. If the word "class," however, be considered to refer to the various members or organs of the body mentioned in sec. 43–1113, then effect may be given both secs. 43–1112 and 43–1113. It is unnecessary for us to consider the scope of sec. 43–1113 further. The accident or injury here not being connected with any of the portions of the body members or organs mentioned in sec. 43–1113 does not fall within that class of injuries but perforce comes under sec. 43–1112. (*Eldridge v. Idaho State Penitentiary*, 54 Ida. 213, 30 Pac. (2d) 781; *Kelley v. Prouty*, 54 Ida. 225, 30 Pac. (2d) 769.) The authorities below fully sustain this construction of the statute that is that to be compensable under sec. 43–1113 the injury or accident must be to one of the members or organs therein mentioned, but while some of the

authorities hold there must be a loss or severance, we do not so hold nor express any opinion thereon because that point is not here, merely holding herein that a kidney or back injury, because not referred to in sec. 43–1113, is not compensable thereunder or by comparison thereto. (*Dosen v. East Butte Copper Min. Co.*, 78 Mont. 579, 254 Pac. 880, at 887; *Addison v. Wood Co.*, 207 Mich. 319, 174 N. W. 149; *Northwestern Fuel Co. v. Industrial Com.*, 161 Wis. 450, 152 N. W. 856, Ann. Cas. 1918A, 533; *Shinnick v. Clover Farms Co.*, 169 App. Div. 236, 154 N. Y. Supp. 423; *Merchants' Case*, 118 Me. 96, 106 Atl. 117; *Burbage v. Lee*, 87 N. J. L. 36, 93 Atl. 859; *Clark v. Kennebec Journal Co.*, 120 Me. 133, 113 Atl. 51; *Panico v. Sperry Engineering Co.*, 113 Conn. 707, 156 Atl. 802; *Johnstad v. Lake Superior Terminal & Transfer Ry. Co.*, 165 Wis. 499, 162 N. W. 659; *Nelson v. Kentucky River Stone & Sand Co.*, 182 Ky. 317, 206 S. W. 473.) No case cited by respondent goes to the length urged by him herein. In *Farmers' Co-op. Assn. v. Beagley*, 158 Okl. 53, 12 Pac. (2d) 544, there was injury to a leg; *Dailey, Crawford & Pevetoe v. Rand*, 155 Okl. 229, 8 Pac. (2d) 738, a hip injury; *Allen Water Co. v. Davis*, 150 Okl. 13, 300 Pac. 793, hip, leg and hand; *Van Orman v. Robinson*, 150 Okl. 156, 300 Pac. 412, back injury was placed under "permanent partial disability" as here under sec. 43–1112; *Texas Co. v. Roberts*, 146 Okl. 140, 294 Pac. 180, crushed hip; *Stoughton Wagon Co. v. Myre*, 163 Wis. 132, 157 N. W. 522, eye injury.

It is evident, however, that the board was justified in considering, and did so consider, that the claimant suffered a permanent partial disability and hence would be entitled to a full 150 weeks, and since he had received only 148½ (29 weeks' total temporary disability and 119½ weeks' temporary partial disability) should receive an additional 1½ weeks under sec. 43–1112 for permanent partial disability.

The board refused to increase the weekly rate from $13.75 to $16. Respondent appealed to the district court which found in respondent's favor on this point. Appel-

lants contend that this portion of the judgment in the district court is incorrect because the board and the court had the power to pass only upon questions connected with a change in condition. Respondent relies upon *Hustead v. Brown Timber Co.*, 52 Ida. 590, at 595, 17 Pac. (2d) 927, and *Reagan v. Baxter Foundry & Machine Works*, 53 Ida. 722, 27 Pac. (2d) 62, to support the contention that where an application is made for the reopening of an award on the ground of change in condition and a changed condition is properly alleged and proved, the award is then open for such entire action therewith as may be proper. Those cases, however, did not consider or pass upon such question or so hold. Under I. C. A., sec. 43–1408, an award of the board in the absence of fraud is definitely final unless appealed from, and there was no appeal herein.

From a careful survey of the authorities it is apparent that a hearing because of changed conditions is limited to a modification of the award solely on that ground and no other errors may be corrected by either party. (*State v. Industrial Com.*, 125 Ohio St. 27, 180 N. E. 376; *Indianapolis Bleaching Co. v. Morgan*, 75 Ind. App. 672, 129 N. E. 644; *K. D. Oil Co. v. Datel*, 145 Okl. 264, 292 Pac. 564; *Hogeberg v. Industrial Acc. Com.*, 201 Cal. 169, 256 Pac. 413; *State ex rel. Meaney v. State Industrial Acc. Com.*, 115 Or. 484, 237 Pac. 680; *Aetna Life Ins. Co. v. Industrial Com.*, 69 Utah, 102, 252 Pac. 567; *Hanna Lumber Co. v. Penrose*, 154 Okl. 210, 7 Pac. (2d) 164; *Lawton Oil & Refining Co. v. Nichols*, 160 Okl. 176, 16 Pac. (2d) 585; *Bilharz Min. Co. v. Clark*, 153 Okl. 31, 4 Pac. (2d) 729; *Humble Oil & Refining Co. v. Noble*, 161 Okl. 35, 16 Pac. (2d) 1072; *Shell Petroleum Corp. v. Patton*, 167 Okl. 246, 29 Pac. (2d) 86; *Hanson v. North Dakota Workmen's Comp. Bureau*, 63 N. D. 479, 248 N. W. 680; *Foster v. Mellon Stuart Co.*, 114 Pa. Super. 311, 173 Atl. 773; *State v. District Court of Rice County*, 134 Minn. 189, 158 N. W. 825; *Indianapolis Pump & Tire Co. v. Surface*, 86 Ind. App. 55, 155 N. E. 835; *Franklin County Min. Co. v. Industrial Com.*, 322 Ill. 555, 153 N. E. 608; *State v. District Court*,

136 Minn. 147, 161 N. W. 391; *McKay v. Jackson Tindle, Inc.*, 268 Mich. 452, 256 N. W. 480; *Brown v. Corn Products Refining Co.*, 227 Mo. App. 548, 55 S. W. (2d) 706; *Cobine v. Industrial Com.*, 350 Ill. 384, 183 N. E. 220; *Connelly v. Carnegie Dock & Fuel Co.*, 148 Minn. 333, 181 N. W. 857; *Tidal Refining Co. v. Tivis*, 91 Okl. 189, 217 Pac. 163; *Bedford-Carthage Stone Co. v. Industrial Com.*, 119 Okl. 231, 249 Pac. 706; *Marland Production Co. v. Hogan*, 146 Okl. 220, 294 Pac. 115; *Grand Union Hotel v. Industrial Acc. Com.*, 67 Cal. App. 123, 226 Pac. 948; *Hindes v. Industrial Acc. Com.*, 73 Cal. App. 726, 239 Pac. 339; *United States Casualty Co. v. Smith*, 162 Ga. 130, 133 S. E. 851; *South v. Indemnity Ins. Co. of North America*, 39 Ga. App. 47, 146 S. E. 45; *Home Acc. Ins. Co. v. McNair*, 173 Ga. 566, 161 S. E. 131; *Allen v. Mottley Const. Co.*, 160 Va. 875, 170 S. E. 412; *Vestal v. Texas Employers' Ins. Assn.*, (Tex. Com. App.) 285 S. W. 1041; *Ezell v. Texas Employers' Ins. Assn.*, (Tex. Civ. App.) 5 S. W. (2d) 594; *Klum v. Lutes-Sinclair Co.*, 236 Mich. 100, 210 N. W. 251.)

Therefore we may correct the previous award neither as to a wrong classification as urged by appellant nor as to a wrong amount as urged by respondent. The future award because of changed conditions is limited to the maximum and minimum provided in the Act. The applicable section 43–1112 herein sets a maximum of 150 weeks, of which 148½ have been paid. Respondent, however, is entitled to the additional 1½ weeks, and since the evidence shows that the rate should have been $16 per week instead of $13.75 as a matter of law, he should receive an additional week and a half at $16 per week.

So modified, the judgment is affirmed. No costs awarded.

Budge, Morgan and Holden, JJ., and Sutton, D. J., concur.

ON REHEARING.

(July 1, 1935.)

GIVENS, C. J.—Respondent's petition for rehearing was granted on the question of whether or not the court was correct in holding that the term ''class'' in I. C. A., sec. 43–1113, embraced or referred to injuries or accidents to the members or organs of the body therein mentioned and not to permanent partial disabilities.

We have again considered this question and reviewed the authorities ably presented by respondent, but we nevertheless adhere to our former view as to what the legislature meant by the term ''class'' in said section, and believe that in similar statutes it has so been generally construed by other courts and that these additional authorities further support this construction. (*Murphy v. Lynch Co.,* (Mo.) 57 S. W. (2d) 695; *Sokolowski v. Bank of America,* 261 N. Y. 57, 184 N. E. 492; *Ujevich v. Inspiration Consol. Copper Co.,* 42 Ariz. 276, 25 Pac. (2d) 273; and also note *Vukelich v. Industrial Commission of Utah,* 62 Utah, 486, 220 Pac. 1073, where the legislature evidently considered that language different from that contained in our statute was necessary to give a somewhat similar meaning contended for by respondent.')

The original opinion is therefore adhered to.

Budge, Morgan and Holden, JJ., concur.

SUTTON, D. J., Dissenting.—During the consideration and preparation of the original opinion in this case I differed with the majority of the court as to what was the proper interpretation of the words ''and all other cases in this class'' found in sec. 43–1113, I. C. A. Out of deference to the majority and rather than encumber the record with a useless dissenting opinion, I concurred in the original opinion.

Now that a rehearing has been had I am more firmly convinced the interpretation placed on sec. 43–1113 is erroneous and that the word "class" means and has reference to permanent partial disabilities without regard to whether or not such disabilities result from an injury to one of the members or organs mentioned in the schedule of losses contained in said sec. 43–1113.

The interpretation placed on this section by the majority will in my judgment deprive many injured workmen of compensation commensurate with the injuries and disabilities sustained by them in comparison with the compensation awarded others. I therefore dissent.

Ailshie, J., not participating in original hearing, did not participate on rehearing.