Respondent's petition for rehearing was granted on the question of whether or not the court was correct in holding that the term "class" in I. C. A., sec. 43-1113, embraced or referred to injuries or accidents to the members or organs of the body therein mentioned and not to permanent partial disabilities.
We have again considered this question and reviewed the authorities ably presented by respondent, but we nevertheless adhere to our former view as to what the legislature meant by the term "class" in said section, and believe that in similar statutes it has so been generally construed by other courts and that these additional authorities further support this construction. (Murphy v. Lynch Co., (Mo.) 57 S.W.2d 695;Sokolowski v. Bank of America, 261 N.Y. 57, 184 N.E. 492;Ujevich v. Inspiration Consol. Copper Co., 42 Ariz. 276,25 P.2d 273; and also note Vukelich v. Industrial Commissionof Utah, 62 Utah, 486, 220 P. 1073, where the legislature evidently considered that language different from that contained in our statute was necessary to give a somewhat similar meaning contended for by respondent.)
The original opinion is therefore adhered to.
Budge, Morgan and Holden, JJ., concur.