DOMENICO DeSANTIS, PETITIONER-RESPONDENT, v. TURNER CONSTRUCTION COMPANY, RESPONDENT-PROSECUTOR.

Argued May 3, 1938—Decided August 23, 1938.

Before Justice CASE, DONGES and PORTER.

For the petitioner-respondent, *Max R. Wecker* and *John Donadio.*

For the respondent-prosecutor, *Carl S. Kuebler* and *McDermott, Enright & Carpenter.*

The opinion of the court was delivered by

CASE, J.   This is an application by the employer for a writ of *certiorari* in a compensation case to review the judgment of the Hudson County Court of Common Pleas affirming a judgment and award of the Department of Labor, Workmen's Compensation Bureau.   The workman met with an accident arising out of and in the course of his employment.   He filed a petition in the Workmen's Compensation Bureau claiming compensation for temporary disability and permanent disability as a result of the accident.   After hearing, there was a determination and rule for judgment entered

July 31st, 1934, awarding the workman temporary disability of one hundred and ten and one-seventh weeks and permanent disability at fifty per cent. of total. No appeal was taken from that determination. On September 25th, 1935, the workman filed a petition for increased disability as a result of the same accident. The deputy commissioner of labor who heard the testimony on the first petition also heard the testimony on the supplemental petition. At the close of the hearing on the supplemental petition he determined that there had been an increase to one hundred per centum in the permanent disability. The Hudson Common Pleas affirmed on appeal.

It is stipulated by the prosecutor that if the writ be allowed the case may be finally disposed of on the present records and briefs. It will therefore be considered that the writ has been allowed and is now being disposed of on its merits.

The employer's first point is that the evidence does not show that the workman's disability had increased. There was ample medical testimony, if believed, to support the finding of increased disability. Two independent tribunals have examined and passed upon the evidence, one of them viewing the witnesses including the workman himself, and these tribunals have concurred in their findings. Although the Supreme Court can and will consider weight of evidence even when the two lower tribunals are in accord in findings of fact (*Anderson* v. *Federal Shipbuilding and Dry Dock Co.,* 118 *N. J. L.* 55), it will not lightly disturb such an accord. *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; *affirmed,* 105 *N. J. L.* 636; *Mong* v. *Samuel Dolinsky & Co.,* 119 *Id.* 547. We are not inclined, on the showing of the evidence in the transcript, to disturb the factual findings.

It is next said that the judgment of July 31st, 1934, was *res judicata.* That judgment was *res judicata* of the matters then determined. It was and is *res judicata* upon the proposition that the permanent impairment from which the workman then suffered was only fifty per centum of total; it is not, and could not be under our statute, an adjudication against a subsequent increase of that disability.

It remains only to say that the allowance for counsel fee below was not, in our opinion, sufficiently out of line to require corrective action by us.

The writ is dismissed, with costs.