251 P.2d 216

NITKEY v. BUNKER HILL & SULLIVAN MINING & CONCENTRATING CO.

No. 7873.

Supreme Court of Idaho.

Dec. 10, 1952.

Brown & Peacock, Kellogg, for appellant.

E. B. Smith, Boise, for respondent.

THOMAS, Justice.

On May 23, 1945, claimant, Jack E. Nitkey, while employed by Bunker Hill and Sullivan Mining & Concentrating Company, self-insurer, suffered an accident arising out of and in the course of his employment. Claim was made and filed for compensation and the matter was heard before the Board. At the conclusion of the hearing, and on November 30, 1946, the parties entered into a written compensation agreement which was filed with the Board and approved December 16, 1946.

The agreement provided for the payment of total temporary disability for loss of time from the date of the injury to the 13th day of August, 1945, at the rate of $16 per week in the sum of $192 and permanent partial disability equivalent to the amputation of a leg at the hip at $16 per week for 180 weeks in the sum of $2851.20.

On February 2, 1949, an application for modification of the original award was filed, claiming permanent total disability due to changed conditions.

At the conclusion of the several hearings, and on February 18, 1952, the Board found that subsequent to the first award based upon the agreement which the Board approved, claimant's injuries residual of his accident gradually increased in extent and severity, by reason whereof he has incurred physical impairment in addition to that for which he had been previously compensated under the agreement, and that said additional disability is equivalent to the loss of a leg between the knee and the ankle and claimant was entitled to recover from the employer additional specific indemnity for a period of 140 weeks at $16 per week, beginning January 24, 1949, and made its award in accordance therewith.

From the award both the employer (appellant) and the claimant (cross-appellant) appealed.

The appellant urges that all the medical testimony at the original hearing discloses that claimant was totally and permanently disabled by reason of pre-existing osteoarthritis accelerated by the industrial injury and that, as was incumbent on the Board under Sec. 72-323, I.C., in making the original award, it adjudicated the apportionable compensable norm of claimant's total disability between the disease and the accident and hence it became and is res adjudicata, and that claimant being totally disabled for work at the time of the original hearing this would represent the ultimate disability from which no change to the greater disability was possible.

■ The compensation agreement which was approved by the Board had the same effect as an award by the Board. Blackburn v. Olson, 69 Idaho 428, 207 P.2d 1160.

■ An award of the Board in the absence of fraud shall be final and conclusive between the parties except as provided in Section 72-607, I.C., unless an appeal is taken therefrom as provided by Section 72-608, I.C. There was no appeal taken from the original award and no fraud is claimed or was proved in the instant proceedings.

■ Upon application made by any party within four years of the date of the accident on the ground of change of conditions, the Board may review an award and on such review make an award diminishing or increasing compensation previously agreed upon subject to the maximum and minimum provided in the Act. Section 72-607, I.C.

■ Under the Workmen's Compensation Act, the doctrine of res adjudicata applies to all questions which might have been raised as well as to all questions that were raised. Blackburn v. Olson, supra.

■ Entering into the compensation agreement constituted an admission by the employer (self-insurer) equivalent to a factual finding by the Board that claimant's disability was permanent and partial; no appeal having been taken therefrom, it was res adjudicata on the question as to whether or not the disability was at that time partial or total. Blackburn v. Olson, supra; De Santis v. Turner Const. Co., 120 N.J.L. 590, 1 A.2d 202; Harris v. Southern Carbon Co., 189 La. 992, 181 So. 469; Bartlett-Collins Glass Co. v. Washabaugh, 166 Okl. 90, 26 P.2d 420; Russell v. Bald Eagle Mining Co., 44 Ariz. 105, 33 P.2d 616; Bates v. Linde, 49 Ariz. 192, 65 P.2d 655.

■ The agreement of the parties to the effect that the claimant was permanently and partially disabled as a result of the accident as of May 23, 1945, the date thereof, was in the absence of an appeal final and conclusive as to the disability up to that date, and while it would preclude a later finding that the claimant was totally and permanently disabled from the date

of the accident, it would not preclude a subsequent finding of total permanent disability or a greater degree of permanent partial disability upon a showing of changed conditions. McGee v. Youghiogheny & Ohio Coal Co., 121 Pa.Super. 85, 182 A. 773. Such an award stands as an adjudication of all matters in dispute up to the time of its rendition and neither party thereafter is permitted to say that it was wrong in any respect in the absence of fraud, Zapantis v. Central Idaho Min. & Mill. Co., 61 Idaho 660, 106 P.2d 113; Franklin County Mining Co. v. Industrial Commission, 322 Ill. 555, 153 N.E. 608; Cobine v. Industrial Commission, 350 Ill. 384, 183 N.E. 220; Pedlow v. Swartz Electric Co., 68 Ind.App. 400, 120 N.E. 603; or be heard to say that the evidence in the original hearing showed either a greater or a lesser disability, Pedlow v. Swartz Electric Co., supra; or to correct errors, if any, therein. Barry v. Peterson Motor Co., 55 Idaho 702, 46 P.2d 77; see also 122 A.L.R. 550–586.

An award is not final as to a changed condition of the claimant which is attributable to the original injury. This is so because it cannot possibly be foreseen with certainty what the future condition may be and the award is not res adjudicata on such changed physical condition and hence not so on the amount which, should the condition of the claimant change, be ultimately awarded. Mustanen v. Diamond Coal & Coke Co., 50 Wyo. 462, 62 P.2d

287; Nagel v. Dept. of Labor, 189 Wash. 631, 66 P.2d 318; Klum v. Lutes-Sinclair Co., 236 Mich. 100, 210 N.W. 251; South v. Indemnity Insurance Co., 39 Ga. 47, 146 S.E. 45.

We hold that the original award was res adjudicata only as to the matters therein raised and determined and which might have been raised therein; that it was res adjudicata upon the proposition that the claimant was permanently and partially disabled equivalent to the amputation of a leg at the hip; it is not, and it could not be under our statute, an adjudication against a subsequent increase of that disability upon a change of conditions.

Appellant urges that the evidence is insufficient as a matter of law to support a change of physical condition subsequent to the time of the original hearing; that there was no evidence to show that claimant experienced a change in physical ability to perform work but the record, including the opinion of the medical experts at the first hearing, clearly shows that he was totally and permanently disabled for work when the original award was made and that he was also permanently and totally disabled when the subsequent award was made and that this constitutes the ultimate disability and hence there was no change of physical condition and no basis in fact or law to award additional compensation. If the record failed to show any additional facts supporting a change of condition, in addition to those disclosed

at the first hearing, and if the award in the first hearing was based upon total permanent disability, there would be merit to such contention; however, the first adjudication and award was based upon an agreement which found the disability to be partial permanent—not total permanent; the original award, under the principles of res adjudicata as set forth hereinabove, stands as an adjudication of the disability of claimant up to the time of the rendition of the award; under such award at that time the claimant was not totally and permanently disabled but partially and permanently disabled.

It is not deemed necessary to detail the evidence adduced at the original hearing or at the subsequent hearing for modification, based on changed conditions; it is voluminous and in most material respects is substantial and is without dispute; suffice to say that the competent evidence adduced at these hearings supports the finding of the Board that the claimant's injuries attributable to the accident gradually increased both in extent and severity and that by reason thereof he has incurred physical impairment in addition to the permanent partial disability for which he was compensated under the agreement.

X-rays taken of claimant prior to the original hearing and again prior to the second hearing disclosed a pre-existing osteo-arthritis. All the medical testimony revealed that this disease had existed for some time prior to the accident; however, claimant had lost no time from strenuous manual labor as a result of the disease nor was he aware of such affliction prior to the accident.

A comparison of the X-rays taken soon after the accident with those taken just prior to the subsequent hearing disclosed a marked progression and acceleration of the disease both in extent and severity; two medical experts for claimant testified as to these changes and expressed their respective opinions that the progression related to the injuries and that claimant at the time of the subsequent hearing was totally and permanently disabled for work; the doctor called by the employer, both in the original hearing and the subsequent hearing, testified that there was some progression between the first and second lumbar vertebrae which started in 1946 and which was nearly complete at the time of the last hearing; he further testified that a trauma produced in the right position and in the right way would quite likely excite or accelerate osteo-arthritis; he testified in effect that he noted no change of condition at the last hearing attributable to the accident based upon his examination and study of all the x-ray pictures; in the original hearing it was his opinion that the pre-existing disease was not influenced by the accident and that claimant suffered no disability except to the left foot which was severely injured by reason of the accident and that the disability therefrom would not exceed 10% of the loss of a foot at the ankle.

No medical testimony was elicited or received at the last hearing as to what estimated percentage of the disability, if any, was attributable to the accident. A fair appraisal of the medical testimony, though there was slight conflict, supports the proposition that the disease in the region of the lower back was aggravated and accelerated as the proximate result of the accidental injury. The Board found that there was a change of condition and that it was attributable to the injury.

The weight and credibility of testimony in a compensation case, including the opinions of experts hypothetically stated, is for the Board. Benson v. Jarvis, 64 Idaho 107, 127 P.2d 784; Stroscheim v. Shay, 63 Idaho 360, 120 P.2d 267; Fields v. Buffalo-Idaho Min. Co., 55 Idaho 212, 40 P.2d 114; In re MacKenzie, 54 Idaho 481, 33 P.2d 113. Moreover, the extent of the disability is a fact question, McCall v. Potlatch Forests, 67 Idaho 415, 182 P.2d 156, and a finding of fact by the Board is conclusive on appeal when supported by competent evidence. McGee v. Koontz, 70 Idaho 507, 223 P.2d 686; Johansen v. Ferry-Morse Seed Co., 69 Idaho 275, 206 P.2d 545; Cain v. C. C. Anderson Co., 64 Idaho 389, 133 P.2d 723.

The Board, for injuries arising out of the same accident, awarded specific indemnity (partial permanent disability) equivalent to the amputation of a leg at the hip following the original hearing for 180 weeks under Sec. 72–313, I.C.; in the subsequent hearing, without expressly indicating in its finding whether it considered that the sum total of the specific injuries, when considered together and co-existing, that is, the accumulative effect of such, resulted in total permanent disability, awarded specific indemnity equivalent to the loss of a leg between the ankle and the knee, awarding compensation for 140 weeks under Sec. 72–313, I.C. The claimant contends that he should be awarded compensation for total permanent disability on the theory that the combined and accumulative effect of the deemed loss of one leg at the hip and the other leg between the ankle and the knee entitles him to total permanent disability award under Sec. 72–310, I.C., which would be for 400 weeks less the 180 weeks previously awarded for permanent partial disability and less the 12 weeks previously awarded for temporary total disability; in other words, claimant contends that the subsequent award should have been for 208 weeks rather than 140 weeks.

The Board in its finding at the conclusion of the last hearing expressly found that following the approval of the agreement at the termination of the first hearing claimant's "injuries residual of his said accident gradually increased in extent and severity, by reason whereof he has incurred physical impairment in addition to that for which he has been heretofore compensated under said agreement, the said additional disability being equivalent to the loss of a leg between the knee and the ankle". The

Board then in its conclusion of law concluded that claimant was entitled to additional specific indemnity of 140 weeks and made its award in accordance therewith. The Board did not specifically and expressly find that claimant was totally and permanently disabled; it is clear from the finding, fortified by the conclusion of law and the award, that the Board found an additional permanent disability less than total permanent disability due to the change of the physical condition of claimant and for this reason awarded an additional specific indemnity of 140 weeks compensation because under the evidence it fixed such additional disability as equivalent to the loss of a leg between the knee and the ankle; it is clear that the Board, in making such an award, considered the combined and accumulative effect of the disability as agreed upon following the first hearing and as found by the Board on the last hearing, and intended to and did conclude that the same constituted a greater disability than previously existed but less than total disability. The compensation awarded is neither less nor different than that fixed by statute.

After careful consideration of all errors assigned by the respective parties, we conclude that the award should be affirmed, and it is so ordered. Costs to respondent.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.