(No. 5978.   November 10, 1933.)

JAMES REAGAN, Respondent, v. BAXTER FOUNDRY AND MACHINE WORKS and STATE INSURANCE FUND, Appellants.

[27 Pac. (2d) 62.]

P. C. O'Malley and S. Ben Dunlap, for Appellants.

Harry C. Wyman and Thornton D. Wyman, for Respondent.

BUDGE, C. J.—Respondent was injured May 20, 1928, in the course of his employment with the Baxter Foundry and Machine Works, the accident occurring at the plant of the Dairymen's Co-operative Creamery Company of Boise Valley. After filing claim for compensation, on September 13, 1929, respondent brought suit against the creamery company and on December 12, 1929, for and in consideration of $3,500, paid by the creamery company to him, respondent released it from liability on account of his injury. Out of this sum respondent paid $750 attorney's fees and $10 costs. December 17, 1931, respondent, his employer and the surety, State Insurance Fund, entered into a written agreement providing that respondent should receive total compensation of $6,364.47, of which sum respondent acknowledged having received $4,700. The agreement further recites that the $4,700 received by respondent represents the sum paid by the State Insurance Fund and the sum paid by the Dairymen's Co-operative Creamery Company of Boise Valley, *and that it is agreed* that respondent has received $3,500 from the creamery company, which sum is to be and is deducted from the total award and such payment will be a bar to recovery of said amount from the employer and State Insurance Fund. This agreement was duly approved by the Industrial Accident Board December 18, 1931. February 15, 1932, respondent filed with the Industrial Accident Board

an application for amendment to the compensation agreement, seeking recovery of $760 additional, being the sum paid by respondent for attorney's fees and costs, which application was denied by the board. Thereafter respondent appealed to the district court from the order denying his application. The district court denied a motion to dismiss the appeal and reversed the decision of the board and entered judgment ordering the board to modify the compensation agreement by adding $760 (attorney's fees and costs) to the amount still due respondent from the employer and State Insurance Fund, from which judgment the employer and said fund appeal.

■■ Among other things, the action of the district court in overruling the motion to dismiss the appeal of the respondent to the district court from the decision of the Industrial Accident Board, by which it refused to amend the award, is specified as error upon the ground that the district court was without jurisdiction to hear said appeal. The appeal taken to the district court is not an appeal from the award, but is an appeal from the order of the Industrial Accident Board denying respondent's application to amend the award. The record discloses that the employer, the State Insurance Fund and the employee reached an agreement in regard to compensation, which, when filed with the Industrial Accident Board, was approved by it. This agreement upon approval by the Industrial Accident Board constituted the decision and award of the board and had the same effect as an award by the board. (I. C. A., sec. 43–1402; *Rodius v. Coeur d'Alene Mill Co.*, 46 Ida. 692, 271 Pac. 1.) The record further discloses and respondent concedes that no appeal was taken from this award of the board, which being true, the award became final and conclusive to the extent provided by I. C. A., sec. 43–1408, which provides in material part as follows:

"An award of the board in the absence of fraud, shall be final and conclusive between the parties, except as provided in section 43–1407, unless within thirty days after

a copy has been sent to the parties, either party appeals to the district court. . . . . ''

I. C. A., sec. 43–1407, provides for modification of awards and agreements ''on the ground of a change in conditions,'' reciting:

''On application made by any party within four years of the date of the accident causing the injury, on the ground of a change in conditions, the board may at any time, but not oftener than once in six months, review any agreement or award, and on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded, subject to the maximum and minimum provided in this act. . . . . ''

It appears beyond controversy that respondent's application was not made on the ground of a ''change in conditions'' of any nature, but upon the ground set forth in the application, namely: ''as to the sole question as to whether or not there was an error in computing the amount still due said claimant,'' and that the agreement ''does not state the facts in regard to said $3500.00.'' There being neither allegation nor proof of fraud and neither allegation nor proof of ''a change in conditions,'' it must necessarily follow that the compensation agreement approved by the Industrial Accident Board, no appeal having been taken therefrom, was final and conclusive between the parties and the district court should have affirmed the order of the Industrial Accident Board. (I. C. A., sec. 43–1403; *Rodius v. Coeur d'Alene Mill Co., supra*.)

Having reached the above conclusion other errors assigned need not be considered.

The judgment of the district court is reversed, with instructions to dismiss the appeal. Costs to appellants.

Givens, Morgan, Holden and Wernette, JJ., concur.

Petition for rehearing denied.