662 P.2d 1144

**Mildred BANZHAF, Claimant-Appellant,**

**v.**

**CARNATION COMPANY, Employer, and Travelers Indemnity Company, Surety, Defendants-Respondents.**

**No. 14306.**

Supreme Court of Idaho.

April 29, 1983.

---

Louis L. Uranga, Uranga & Uranga, Boise, for claimant-appellant.

John W. Barrett and Michael G. McPeek, Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

HUNTLEY, Justice.

On August 16, 1977, while employed at the potato processing plant of Carnation company, claimant suffered an industrial injury. Timely notice of the accident was given to the employer and claimant was released from work for medical treatment. Claimant was treated by several different doctors but was primarily under the care of Dr. Gnuechtel, an orthopedic surgeon who diagnosed claimant's injury as a chronic low back strain. On March 29, 1978, he wrote to Travelers, rating claimant at a medical impairment of 10%. On May 2, 1978 he modified the impairment rating to 15% because of a recurrence of pain. Claimant was not released to return to work.

Based upon Dr. Gnuechtel's first letter, Travelers Insurance prepared a compensation agreement with 10% impairment rating which claimant signed and returned to Travelers. After receipt of the agreement, Travelers received the changed medical impairment rating of Dr. Gnuechtel, and changed the agreement to read 15% impairment. Travelers then submitted the agreement to the Industrial Commission and the Commission approved the agreement on June 26, 1978.

At the request of Carnation Company, a field examiner for the rehabilitation division of the Industrial Commission met with claimant and Dr. Gnuechtel. The field examiner, in September 1979, found that

claimant was not a candidate for rehabilitation, and did not consider claimant fit to return to her former employment.

In the fall of 1979, claimant petitioned the Commission to reopen the approved compensation agreement on the grounds of change in condition, fraud, and manifest injustice. She asserted that she was in fact 100% disabled, which constituted a change in the rating from the compensation agreement of 15% permanent partial impairment. Additionally, claimant contended that the compensation agreement covered only the *15% impairment* and did not purport to settle her *permanent disability.*

At the hearing the uncontradicted evidence established that the claimant was indeed 100% disabled, but that such was also her condition when she signed the original agreement. Accordingly, the employer and surety argued that there was no change of condition and that the compensation agreement was final and binding under the doctrine of res judicata.

The Commission first entered its findings of fact, conclusions of law and award on March 19, 1981, finding that claimant had failed to establish either fraud or change of condition, but concluding that because the compensation agreement used the word "impairment" in describing claimant's permanent rating, the agreement was not res judicata regarding the extent of "disability" at the time the agreement was approved. The Commission then cancelled the award, based on the compensation agreement, and made a new award which included total permanent disability. Travelers filed a motion for reconsideration, upon which the Commission heard oral argument and received briefs. The Commission entered amended findings of fact, conclusions of law, and order. The Commission then reaffirmed its determination that appellant had neither established fraud nor change of condition, and reversed its determination that appellant was entitled to a total permanent disability rating, ruling that the compensation agreement was res judicata.

The Commission did not specifically rule on the applicability of the manifest injustice provision of I.C. § 72–719(3). This appeal followed. We reverse and remand.

■ It is well recognized that a compensation agreement approved by the Industrial Commission is equivalent to an award under the Idaho Workmen's Compensation laws. I.C. § 72–711. This court has held that except as provided by I.C. § 72–719, an award under the provisions of I.C. § 72–711 becomes final and conclusive if no appeal is taken. *Sines v. Appel,* 103 Idaho 9, 644 P.2d 331 (1982).

I.C. § 72–719 provides for reopening for modification of an award on the following grounds:

"(1) . . . :

(a) Change in the nature or extent of the employee's injury or disablement; or

(b) Fraud.

. . . .

(3) The commission, on its own motion . . . may review a case in order to correct a manifest injustice."

In the instant case, the Commission did not have the benefit of our opinions in *Sines v. Appel, supra,* and *Iverson v. Gordon Farming,* 103 Idaho 527, 650 P.2d 669 (1982).

In *Sines* the Industrial Commission had narrowly interpreted the manifest injustice provision to cover only "situations where a worker suffers a latent injury or disease not discoverable within the limitations period."

In *Iverson* this court remanded to the Industrial Commission because it appeared that the Commission had failed to fully consider its obligation to make specific findings and conclusions regarding the issue of manifest injustice. *Sines* was remanded because the Commission had taken too narrow a view of the scope of situations encompassed within the manifest injustice provision.

In the instant case, the Commission stated that the award could only be reopened "upon a showing of fraud or a change in condition."

■ A reading of the findings and conclusions indicates the Commission was erroneously under the impression that the doctrine of res judicata precludes any consideration of the applicability of I.C. § 72–719(3) in the absence of either fraud or change of condition. Res judicata prevents only the relitigation of matters finally decided in an earlier decision of the Commission. Here the statute clearly over-rides that concept of finality, permitting the Commission to reopen its earlier decision if it finds it necessary to do so to correct a manifest injustice.

■ Accordingly, we reverse and remand for further findings and conclusions in conformance with this opinion. We note that I.C. § 72–719(3) becomes operative on the Commission's own motion, but that fact does not preclude the Commission from exercising its powers when notice of a purported manifest injustice is brought to its attention either by a party or a third party.

Costs to appellant.

DONALDSON, C.J., and SHEPARD and BISTLINE, JJ., concur.

BAKES, Justice, concurring specially:

If all that the majority opinion is holding is that "a reading of the findings and conclusions indicates that the commission was erroneously under the impression that the doctrine of *res judicata* precludes any consideration of the applicability of I.C. § 72–719(3) [manifest injustice] in the absence of either fraud or change of condition," then the majority opinion is legally correct (although very likely factually incorrect, since the record suggests that the commission did consider the manifest injustice issue). However, I do not agree with that part of the majority opinion which approves language contained in *Sines v. Appel,* 103 Idaho 9, 644 P.2d 331 (1982), and *Iverson v. Gordon Farming Co., Inc.,* 103 Idaho 527, 650 P.2d 669 (1982), suggesting that the commission *shall* review a case in order to correct a manifest injustice, and *shall* make findings of fact and conclusions of law on that issue when anyone suggests that a prior award is now unjust. Apparently overlooked is the fact that the statute, I.C. § 72–719(3), makes the commission's review for manifest injustice discretionary. The statute bears repeating:

"72–719. MODIFICATION OF AWARDS AND AGREEMENTS— GROUNDS—TIME WITHIN WHICH MADE.— . . .

. . . .

(3) The commission, on its own motion at any time within five (5) years of the date of the accident causing the injury or date of first manifestation of an occupational disease, *may* review a case in order to correct a manifest injustice." (Emphasis supplied.)

BISTLINE, Justice, specially concurring.

Agreeing that this case should be reversed and remanded in light of our opinions in *Sines v. Appel,* 103 Idaho 9, 644 P.2d 331 (1982), and *Iverson v. Gordon Farming Co.,* 103 Idaho 527, 650 P.2d 669 (1982), I have joined the opinion of Justice Huntley.

As noted by the Court, the Commission's view was that a workmen's compensation award could only be reopened "upon a showing of fraud or a change in condition." In doing so, the Commission relied upon several of this Court's opinions:

"The Idaho Supreme Court consistently has held that an approved compensation agreement is res judicata (final and conclusive) as to all issues which were raised or which might have been raised at the time the agreement was approved, subject to modification upon a showing of fraud or a change in condition. *Rodius v. Coeur d'Alene Mill Co.,* 46 Idaho 692, 271 P. 1 (1928); *Reagan v. Baxter Foundry & Machine Works,* 53 Idaho 722, 27 P.2d 62 (1933); *Zapantis v. Central Idaho Min. & Mill. Co.,* 61 Idaho 660, 106 P.2d 113 (1940); *Pruett v. Cranston Chevrolet Co.,* 63 Idaho 478, 121 P.2d 559 (1941); and

*Nitkey v. Bunker Hill & Sullivan Mining & Concentrating Co.,* 73 Idaho 294, 251 P.2d 216 (1952).

"An approved compensation agreement cannot be cancelled and a new award entered on the grounds that the original award is inadequate or based on an erroneous determination of the extent of the claimant's disability. *Zapantis v. Central Idaho Min. & Mill. Co., supra; Pruett v. Cranston Chevrolet Co., supra;* and *Nitkey v. Bunker Hill & Sullivan Mining & Concentrating Co., supra.* The proper remedy where the degree of disability specified in an award is thought to be inadequate or to have been incorrectly determined is an appeal from the award, not a subsequent petition for modification. *Wanker [Wanke] v. Ziebarth Construction Co.,* 69 Idaho 64, 202 P.2d 384 (1949). No appeal was taken from the compensation agreement. Consequently, the compensation agreement is final and conclusive regarding the nature and extent of the claimant's permanent disability as it existed at the time the agreement was approved. That agreement can be modified only upon proof of fraud or a change in condition, no other errors capable of being corrected. *Zapantis v. Central Idaho Min. & Mill. Co., supra.*"

R., pp. 33–34.

The Commission, however, failed to consider that the cases upon which it relied were decided at a time when the only statutory basis for modification of an award was on the ground of change of condition. *See Sines, supra,* 103 Idaho at 12, 644 P.2d at 334. In apparent recognition of the injustice that could result in some situations, the legislature amended the statute pertaining to modification of awards, setting forth fraud and manifest injustice as additional grounds for reopening an award. I.C. § 72–719.

In light of the history of the statutory grounds for modification of workmen's compensation awards and in conformance with this Court's recent opinions in *Sines*

and *Iverson,* not only *can* the Commission reopen a case if manifest injustice exists, but the Commission *should do so liberally,* whether upon its own motion or that of a party, so as to further the goals of the workmen's compensation laws:

"A very worrisome aspect of I.C. § 72–719 is that provision which seems to say that a proceeding 'to correct a manifest injustice' will be made by the Commission *on its own motion.* I understand by our holding today that we are making it known that claimants, and in some instances, employers and their sureties, are not precluded from making the same motion, and thereby triggering what I perceive to be a very broad equitable power conferred by the legislature upon the Commission. This is as it should be. It must be remembered that at one stage in the field of Workmen's Compensation law, appeals did not proceed directly from the Commission into the Supreme Court; claimants were first entitled to take an appeal 'to the district court of the county in which the injury occurred' and the case was thereafter tried by the court in a review limited to questions of law. Idaho Code Annotated §§ 43–1408–1409 (1932). The district court was specifically authorized to have regard for 'any irregularity or error' which was to the damage of a party. I would assume that the district court could also have used its inherent equitable powers *to avoid or correct* a manifest injustice had the occasion arisen necessitating that it do so.

"Similarly, I assume today, with equal confidence, that the 1971 legislature had in mind that the Commission, which is now the only tribunal to which a claimant has access other than this Court, should have the same broad equitable powers of a district court in order to fulfill its function of providing sure and certain relief for the injured working man or woman. Hence, it is important that the Commission realize the extent of its power, a power which, by its makeup, it can most competently and effectively administer."

*Sines, supra,* 103 Idaho at 18, 644 P.2d at 340 (Bistline, J., specially concurring) (footnote omitted).