770 P.2d 800

**Kenneth E. RYEN, Claimant–Appellant,**

v.

**CITY OF COEUR D'ALENE, Employer; and State Insurance Fund, Surety,**

**and**

**State of Idaho, Industrial Special Indemnity Fund, Defendants–Respondents.**

No. 17148.

Supreme Court of Idaho.

March 9, 1989.

Richard E. Kriger, Coeur d'Alene, for claimant-appellant.

M. Karl Shurtliff, Boise, for defendant-respondent City of Coeur d'Alene and State Ins. Fund.

Michael J. Verbillis, Coeur d'Alene, for defendant-respondent Indus. Sp. Indem. Fund.

SHEPARD, Chief Justice.

This is an appeal from an order of the Industrial Commission which denied additional workman's compensation benefits for a disability resulting from an injury suffered in 1975 while employed by the City of Coeur d'Alene. The sole question presented is whether Ryen's claim for additional benefits is barred by the applicable statute of limitations. I.C. § 72–706. We reverse and remand.

The following facts appear to be uncontroverted. In 1975, while acting within the scope of his employment, claimant Ryen sustained a lower back injury which became a long-standing source of pain and medical expense, and resulted in a diminished ability to work. Except for the period of March, 1975 through October, 1976, Ryen appears to have been able to steadily perform his work-related duties, although the back injury caused him difficulty. In April, 1978, claimant Ryen underwent surgery which temporarily alleviated his discomfort, and he received temporary disability benefits while recovering from the surgery. Ryen returned to work until February, 1980, when severe back pain reoccurred which resulted in a spinal fusion. Total temporary disability benefits were paid for the remainder of that year, following which Ryen again returned to work.

In 1981 an orthopedic specialist assigned an impairment rating of fifteen to twenty percent of the whole man due to the spinal fusion, and assigned the 1975 industrial accident as the cause thereof. The State Insurance Fund prepared and sent to Ryen a compensation agreement in 1981 detailing the temporary disability paid, the medical benefits paid, and assigning an impairment rating of seventeen and one-half percent of the whole man, and calculated compensation at $6,641.25, based on 87.5 weeks at $75.90 per week. Insofar as the record demonstrates, claimant Ryen never signed that agreement, nor was it ever approved by the Industrial Commission. The State Insurance Fund continued to pay medical benefits related to the 1975 back injury in each successive year thereafter, however, no total temporary or permanent partial disability payments were made after mid–1982.

In 1984 the State Insurance Fund began asserting a statute of limitations defense to liability for additional disability benefits. Therefore, an increased permanent physical impairment rating rendered by Dr. Giesen, received no consideration. In July, 1986, claimant Ryen filed with the Industrial Commission an application for hearing and request for additional compensation. After hearing thereon the claim for additional compensation was denied, and therein the Industrial Commission found that no *income* benefits had been paid to claimant within a one-year period immediately preceding the filing of the application, that medical benefits are not "compensation," that the application therefore was not time-

ly filed and relief was barred under the statute.

Claimant argues that the definition of compensation supplied by I.C. § 72–102(5) purports to include "all of the income benefits and the medical and related benefits and medical services," and is controlling. We agree. We further view the question to have been clearly answered in *Bainbridge v. Boise–Cascade Plywood Mill*, 111 Idaho 79, 721 P.2d 179 (1986) and *Facer v. E.R. Steed Equipment Co.*, 95 Idaho 608, 514 P.2d 841 (1973). In *Bainbridge* we held that I.C. § 72–706(2) "compensation" includes both income and medical benefits for the purposes of the tolling provisions. There, compensation was viewed to be "a word of art under the Workman's Compensation Act and [it] refers to income and medical benefits...."

Under I.C. § 72–706(2), when compensation has been received and then "discontinued more than five (5) years from the date of the accident causing the injury or. the date of first manifestation of an occupational disease," the plaintiff is given "one (1) year from the date of the last payment of compensation, within which to make and file with the Commission an application requesting a hearing for further compensation and award." In the instant case, under the orders of the Industrial Commission, payments to the claimant had been made periodically from the time of the accident through January 22, 1987, and therefore medical benefits were not "discontinued more than five years from the date of the accident." As asserted by the State Insurance Fund, no disability payments were made following mid–1982. Nevertheless, medical expenses have been paid periodically through January 22, 1987. Hence, in accord with our holding in *Bainbridge*, the paying of medical benefits has tolled the otherwise statute of limitations. Here the application for a hearing requesting further benefits was filed in July, 1986, a date that actually preceded the payment of the last recorded medical benefit.

Thus, we reverse the ruling of the Industrial Commission relating to the statute of limitations, and remand to the Commission for further action in light of this ruling. Costs to appellant.

BAKES, HUNTLEY and JOHNSON, . JJ., and TOWLES, District Judge Pro Tem., concur.

JOHNSON, Justice, concurring specially.

I concur in the majority opinion and write only to point out that our decision here is consistent with our recent decision in *Walters v. Blincoe's Magic Valley Packing Company*, 17419 Slip Op. No. 8, Idaho (January 27, 1989).

In *Walters*, no compensation was being paid to the claimant as of the fifth anniversary of the accident. Here, Ryen was receiving medical treatment as of the fifth anniversary of his accident. Shortly thereafter, his spine was fused and he received temporary disability payments. From mid-August 1981 until August 1982 Ryen received compensation for permanent partial impairment. His medical benefits continued until 1987. When Ryen filed his application for hearing and request for additional compensation in July 1986, his compensation had not been discontinued, and his request for additional compensation was timely under I.C. § 72–706(2).

HUNTLEY, Justice, concurring specially.

I concur in the majority opinion and write only to distance myself from what I respectfully believe to be the misunderstanding of I.C. § 72–706(2) exhibited in Justice Johnson's special concurrence.

Nothing in our workers' compensation statutes say *anything* about the "fifth year anniversary" of an accident. This language, thus far, is wholly a judicial product, and as I hope to now explain, an unfortunate jurisprudential journey into the legislative domain which undermines the rights of working people.

An illustration will help explain the misconceptions behind the "fifth year anniversary" language. Suppose Bill injures his back January 1, 1980. All doctors who

examine Bill state that he is impaired to the extent of 10 percent of the whole person. Bill's back heals pretty well after he visits his doctor, and, on December 31, 1984, Bill's income benefits are exhausted and his medical costs are fully paid.

However, on January 2, 1985, more than five years from the date of the original injury, Bill's back again goes out. All doctors agree that Bill is now impaired to the extent of 30 percent of the whole person. Because all doctors also agree that the recurring pain is solely the result of the original accident, the surety pays Bill's new medical bills.

Under the analysis adopted by Justice Johnson, because Bill was not receiving compensation on the *"fifth anniversary of the accident,"* his request for a hearing to determine additional impairment and/or disability would not be timely.

Under our workers' compensation statutes, however, the "five year anniversary" is irrelevant. Pursuant to I.C. § 72–706(2), Bill would have had "one (1) year from the date of the last payment of compensation" to file for a rehearing.[1] Because Bill's last payment of compensation (medical bills) was made after January 1, 1980, Bill would have one year from the date of final payment to file for a hearing.

Thus, unlike Justice Johnson, I do not conclude that I.C. § 72–706 "necessarily implies" that payments need be made on the judicially created "fifth anniversary." *Walters v. Blincoe's,* 17419 Idaho (1989). Such an "implication" is a judicial construction which vitiates legislative intent. I hope the Commission and working people of Idaho are not compelled to conclude that the "fifth anniversary" language, which has somehow meandered its way into our case law, is immune from appellate criticism or reconsideration.

It is vital to note what a claimant in such a case is asking for—a hearing. He or she is not requesting a seat on the New York Stock Exchange. It's clear to me that doubtful procedural disputes should be resolved with an eye toward granting a hearing on the merits. The claimant still carries the burden of proof and persuasion; a mere hearing does not guarantee further benefits.

If the unfortunate rule of *Walters v. Blincoe's* persists, I suggest that claimant have drafted into their compensation agreements the following language:

> The parties have in mind the case of *Walters v. Blincoe's.* In order to mitigate the harsh effects of that case, the parties agree that a fund of $_____ will be reserved to be paid as follows to claimant: $1 on the fifth anniversary of claimant's injury and $1 each month thereafter until exhausted.

One should note the underscored words in the statute: "... if compensation is discontinued more than five years from ..." Justice Johnson's opinion in *Walters v. Blincoe's,* 17419 Idaho (1989) (in which I concurred) would judicially write the words "more than" out of the statute. His special concurrence here would do the same. I am embarrassed that I did not pick up on the import of the sentence of *Walters, supra,* which stated:

> This latter portion of the statute referring to the discontinuance of compensation necessarily implies that the compensation was being paid on the fifth anniversary of the accident and was thereafter discontinued.

Such is neither what the statute says nor what it implies. *Stare decisis* is a commendable principle in most instances—but not where we are dead wrong and can correct the error before substantial re-

---

1. Idaho Code § 72–706(2) provides in full:

When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease, or, *if compensation is discontinued more than five* *(5) years* from the date of the accident causing the injury or the date of first manifestation of an occupational disease, within (1) year from the date of the last payment of compensation, within which to make and file with the commission an application requesting a hearing for further compensation and award. (Emphasis supplied.)

liance by bench and bar has become placed upon it.