773 P.2d 269

**Don E. FOWLER, Claimant-appellant,**

v.

**CITY OF REXBURG, Employer,**

**and**

**State Insurance Fund, Surety, Defendant-respondents.**

**No. 17046.**

Supreme Court of Idaho.

June 24, 1988.

On Rehearing May 1, 1989.

Rigby, Thatcher, Andrus, Rigby & Perkes, Rexburg, for appellant. G. Rich Andrus argued.

McDevitt & Meyers, Pocatello, for respondents. M. Jay Meyers argued.

BAKES, Justice.

The appellant Don E. Fowler appeals a decision of the Industrial Commission which held that his application for a hearing was barred by the statute of limitations. Fowler, who was employed as a police officer by the City of Rexburg, was covered by Idaho's Workmen's Compensation Law under a policy of insurance issued by the State Insurance Fund. Fowler was injured twice during the course of his employment. The first injury occurred in 1972 when Fowler was riding in a police car that hit a snowbank, injuring his right knee. In May of 1973, Fowler, the city, and the State Insurance Fund entered into a compensation agreement, which was approved by the Industrial Commission and which provided that the claimant had a permanent partial disability equal to 7% of the loss of a leg.

The second injury occurred in 1974 when Fowler was involved in a scuffle with some prisoners, and he suffered an injury to his left knee. In August of 1976, Fowler, the city, and the State Insurance Fund entered into a second compensation agreement, approved by the commission, which provided that Fowler had a permanent partial disability equal to 50% of the loss of a leg.

Fowler subsequently had additional problems with his knees. In 1980, he underwent surgery in which his left knee was fused. On May 14, 1985, the State Insurance Fund paid $1,932.50 to Madison Memorial Hospital and $261.50 in other medical bills for treatment of Fowler's knees. On June 13, 1985, Fowler filed two applications for hearing requesting further compensation for the separate injuries to his

knees.[1]

By agreement of the parties, the only issue submitted to the commission was whether Fowler's two applications for hearing filed June 13, 1985, were barred by the statute of limitations set forth in I.C. §§ 72–706[2] and 72–719.[3] The commission found that Fowler's applications were not filed within five years of the accidents, and thus they were barred by I.C. § 72–719(1). The commission also held that I.C. § 72–706 was not applicable to Fowler's claims.

On appeal, Fowler alleges that the Industrial Commission's decision was in error because the payment of wage benefits and medical benefits in 1985 constituted payments of "compensation" within the meaning of I.C. § 72–706 and thus his applications, which were filed within one year thereafter, were timely under that section. For the following reasons, we reject Fowler's contentions and affirm the decision of the Industrial Commission.

There are two discrete statutes of limitations which apply to applications for hearings of worker's compensation claims, I.C. § 72–706 and I.C. § 72–719. I.C. § 72–706 applies to applications for hearing where no commission-approved compensation agreement and/or Industrial Commission award has been made. However, when such an Industrial Commission award has been made, I.C. § 72–718 provides that the "decision of the commission, in the absence of fraud, shall be final and conclusive as to all matters adjudicated...." *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984); *Sines v. Appel*, 103 Idaho 9, 644 P.2d 331 (1982). However, there is a limited authority in I.C. § 72–719 to reopen such a "final and conclusive" award.

In this case, both of Fowler's injuries were covered by compensation agreements entered into between Fowler and the State Insurance Fund, and approved by the Industrial Commission. These agreements provided Fowler with compensation for the disability and medical expenses resulting from the separate injuries to his knees. These agreements, when they were approved by the Industrial Commission, be-

---

1. Subsequent to the filing of the applications for hearing, the State Insurance Fund paid further medical bills for treatment of the claimant's knees.

2. **"72–706. Limitation on time on application for hearing.**—(1) When no compensation paid. When a claim for compensation has been made and no compensation has been paid thereon, the claimant, unless misled to his prejudice by the employer or surety, shall have one (1) year from the date of making claim within which to make and file with the commission an application requesting a hearing and an award under such claim.

"(2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease, or, if compensation is discontinued more than five (5) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, within one (1) year from the date of the last payment of compensation, within which to make and file with the commission an application requesting a hearing for further compensation and award.

"(3) Relief barred. In the event an application is not made and filed as in this section provided, relief on any such claim shall be forever barred."

3. **"72–719. Modification of awards and agreements-Grounds—Time within which made.**—(1) An application made by a party in interest filed with the commission at any time within five (5) years of the date of the accident causing the injury or date of first manifestation of an occupational disease, on the ground of a change in conditions, the commission may, but not oftener than once in six (6) months, review any order, agreement or award upon any of the following grounds:

"(a) Change in the nature or extent of the employee's injury or disablement; or

"(b) Fraud.

"(2) The commission on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded, subject to the maximum and minimum provided in this law, and shall make its findings of fact, rulings of law and order or award, file the same in the office of the commission, and immediately send a copy thereof to the parties.

"(3) The commission, on its own motion at any time within five (5) years of the date of the accident causing the injury or date of first manifestation of an occupational disease, may review a case in order to correct a manifest injustice.

"(4) This section shall not apply to a commutation of payments under section 72–404."

came awards which were final and conclusive as to the injuries covered therein. I.C. § 72–718; *Sines v. Appel, supra; Woodvine v. Triangle Dairy, supra.* Thus, I.C. § 72–719 provided the only basis for reopening the earlier commission awards, and the applicable statute of limitations was contained in I.C. § 72–719(1). I.C. § 72–706 was not applicable to Fowler's applications. That section does not apply where there has been a final award entered by the Industrial Commission. The Industrial Commission found that Fowler's new applications were not filed within five years of either accident in 1972 and 1974, respectively, and therefore they were barred by the five-year statute of limitations in I.C. § 72–719.

Fowler argues, however, that our decision in *Woodvine v. Triangle Dairy, supra,* holds that the one-year statute of limitations in I.C. § 72–706(2) applies even to "awards and agreements" if the application for hearing is filed within one year after the payment of any "compensation."[4] According to Fowler, *Woodvine* stands for the proposition that his claim is not barred under either 72–706 or 72–719 even though it was made more than five years after the injury if his claim was filed within one year of the time when the employer either discontinued the payment of total temporary disability payments or paid medical benefits under the compensation agreement. However, an analysis of the *Woodvine* case discloses that it does not support Fowler's contention. In *Woodvine,* the claimant and the surety had entered into a compensation agreement which was approved by the Industrial Commission. On appeal the claimant in *Woodvine* argued that the compensation agreement had only settled the issue of his *impairment* and had not determined his permanent disability as defined in I.C. § 72–425 because the commission had not evaluated his non-medical factors. Thus, the claimant in *Woodvine* argued that, having never received a permanent disability evaluation because he had never had a consideration of his non-medical factors, the case was not final as to that issue.[5] The Court in *Woodvine,* after examining the compensation agreement, determined that it was ambiguous on the question of whether the parties had intended to settle the issue of permanent disability, or whether they merely agreed as to the claimant's permanent impairment rating in that case. Accordingly, this Court "reverse[d] the conclusion of the [Industrial] Commission that the award was for permanent disability, and remand[ed] to the Commission for a [factual] determination of whether the parties actually agreed that the award was for permanent impairment, or whether the parties agreed that the award was for permanent disability." *Woodvine v. Triangle Dairy,* 106 Idaho at 722, 682 P.2d at 1269.

The commission in *Woodvine* had also concluded that the claimant was a member of the "odd lot" category and therefore was totally and permanently disabled, and would have awarded him additional benefits, but for the five-year statute of limitations in I.C. § 72–719. This Court in *Woodvine* held that if on remand the commission found that the settlement agreement had actually settled the claimant's permanent disability rather than permanent impairment, then the agreement, when approved by the commission, was final and conclusive and could not be reopened. However, if the commission found that the settlement agreement between the claimant and the surety only settled the amount of permanent impairment and not permanent disability, then it would not have been final and therefore could have been reopened under

---

4. As referred to in I.C. § 72–706(2), "compensation" has been defined as either income or medical benefits. *Bainbridge v. Boise Cascade Plywood Mill,* 111 Idaho 79, 721 P.2d 179 (1986); *Facer v. E.R. Steed Equipment Co.,* 95 Idaho 608, 514 P.2d 841 (1973).

5. Income benefits payable under the Workmen's Compensation Law, with the exception of retraining benefits, I.C. § 72–450, are based upon disability, either temporary or permanent, but not merely impairment. I.C. § 72–407–432. While in some cases the non-medical factors will not increase the permanent disability rating over the amount of the permanent impairment rating, the ultimate award of income benefits is based upon the permanent disability rating, not merely the impairment rating.

I.C. § 72–706(2). The Court in *Woodvine* stated:

"Should the Commission find that the compensation agreement provided claimant with a permanent disability award, then the agreement is final and conclusive as to claimant's permanent disability. However, should the Commission find that the compensation agreement provided claimant with a permanent impairment award only, then the agreement is not final and conclusive as to claimant's permanent disability, and the Commission is instructed to enter an award for claimant consistent with Conclusion of Law III that claimant is a member of the 'odd lot' category and, therefore, 'is totally and permanently disabled as a result of his accident of November 14, 1974, and his subsequent back surgeries.'" 106 Idaho at 722, 682 P.2d at 1269.

This Court's ultimate conclusion in *Woodvine* was that if on remand the compensation agreement was found by the commission, as a matter of fact, to provide for permanent *disability*, rather than permanent *impairment*, "then the agreement is final and conclusive as to claimant's permanent disability." *Id.*

6. Although not cited by the parties, our recent case of *Kindred v. Amalgamated Sugar Co.*, 114 Idaho 284, 756 P.2d 401 (1988), *reh'g denied* (1988), supports our analysis in this case. In *Kindred*, the claimant had entered into a compensation agreement, approved by the commission in September of 1976. Kindred continued in his employment with Amalgamated Sugar for several years at several make-work type jobs which were compatible with his injury. Later the employer voluntarily paid Kindred retraining benefits to attend Southern Idaho College. Less than one year after the termination of the payment of retraining benefits, Kindred filed an application for hearing with the Industrial Commission claiming that he was totally disabled. The commission first concluded that the payment of retraining benefits was not the voluntary payment of "compensation" within I.C. § 72–706(2), and therefore Kindred's application was not timely filed. On reconsideration, the commission reversed itself, holding that the voluntary payment of tuition for Kindred's retraining course at Southern Idaho College was in fact the payment of additional compensation benefits because, as this Court stated, "[T]hese retraining benefits were not awarded pursuant

There is no claim here, as there was in *Woodvine*, that the two compensation agreements executed by Fowler and approved by the Industrial Commission adjudicated merely *impairment* rather than permanent disability. Accordingly, as we held in *Woodvine*, those compensation agreements, when approved by the commission, became awards which are "final and conclusive as to claimant's permanent disability." *Id.; Sines v. Appel, supra.* The only statutory provision for modification of such a "final and conclusive" agreement is I.C. § 72–719. However, Fowler's two applications for hearings filed on June 13, 1985, were long after the five-year deadline set out in I.C. § 72–719, and accordingly the Industrial Commission correctly ruled that claimant's applications were barred by the statute of limitations.[6]

The Industrial Commission's order is affirmed. Costs to respondents.

SHEPARD, C.J., and BISTLINE, HUNTLEY and JOHNSON, JJ., concur.

## ON REHEARING

BAKES, Justice.

Appellant Fowler has filed a petition for rehearing claiming that our earlier opinion erred when we stated:

to the compensation agreement filed in September, 1976." *Kindred*, 114 Idaho at p. 119, 756 P.2d at p. 406. This Court affirmed, concluding that Amalgamated, by voluntarily paying additional retraining benefits which were not awarded pursuant to the compensation agreement, "[brought] the case within the application of § 72–706(2) Idaho Code." *Id.* Since Kindred's application for hearing was filed within one year of the last payment of retraining benefits, it was timely under 72–706(2). The Court in *Kindred* stated:

"A compensation agreement is res judicata only with respect to matters already decided by that agreement. *Banzhaf v. Carnation Co.*, 104 Idaho 700, 703, 662 P.2d 1144, 1147 (1983). Since the compensation agreement between Kindred and Amalgamated did not determine the retraining benefits, it cannot be considered res judicata with respect to any new awards, as I.C. § 72–718 distinctly provides: 'A decision of the Commission ... shall be final and conclusive *as to all matters adjudicated....*'" *Kindred*, at p. 119, 756 P.2d at p. 406 (emphasis added in *Kindred*).

There is no claim here, as there was in *Woodvine*, that the two compensation agreements executed by Fowler and approved by the Industrial Commission adjudicated merely *impairment* rather that permanent disability. Accordingly, as we held in *Woodvine*, those compensation agreements, when approved by the commission, became awards which are "final and conclusive as to claimant's permanent disability."

*Ante* at 4, 773 P.2d at 272 (emphasis in original). The brief in support of petition for rehearing urges that the issue of whether Fowler's prior compensation agreements were "final and conclusive as to the question of disability was not before the Commission. The record will reflect that the parties stipulated that the only issue to be decided by the Commission in the hearing held on March 26, 1987, was whether Plaintiff's claim for further compensation had been barred under Idaho Code [§] 72–706 and Idaho Code [§] 72–719." The brief on rehearing then states, quoting the parties' earlier stipulation, that "all other claims, issues, and defenses, [were] reserved for future determination following resolution of the issue herein stated and the parties waive no rights or defenses which are presently available to them."

The two issues raised in the original appeal,[1] and the foregoing claim in the brief in support of petition for rehearing reflect a misperception of how I.C. § 72–706(2) and I.C. § 72–719 apply. Whether the applicable statute of limitations is I.C. § 72–706, or I.C. § 72–719, and whether the payment of additional medical expenses constitutes the payment of additional "compensation" which, under 72–706(2) extends the statute of limitations, depends entirely upon whether the prior compensation agreements were final and conclusive regarding Fowler's disability. If the agreements did indeed determine disability then, upon their approval by the Commission, they became awards under I.C. § 72–711 which were "final and conclusive as to all matters adjudicated" therein. I.C. § 72–718; *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984). Such final agreements and awards would only be modifiable under the provisions of I.C. § 72–719, which admittedly were not met in this case because the applications for additional compensation were not filed within five years of the date of the accident causing the injury. I.C. § 72–719.

If, on the other hand, the prior compensation agreements did not determine disability, but rather determined only impairment, then they were not final and conclusive awards as to disability under I.C. § 72–718, *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984), and I.C. § 72–706 would be the applicable statute of limitations.

Only in the event that it is determined that the agreements did not determine disability, and therefore were not final awards as to disability under I.C. § 72–718, does the payment of additional medical expenses become relevant under I.C. § 72–706(2). In our original opinion we concluded from the record that "[t]here is no claim here, as there was in *Woodvine*, that the two compensation agreements executed by Fowler and approved by the Industrial Commission adjudicated merely *impairment* rather than permanent disability." *Ante* at 4, 773 P.2d at 272 (emphasis in original). After rehearing this case we deem it at least arguable that one or perhaps both of the parties may have considered that the ambiguity issue had been reserved for later

---

1. Appellant's original brief on appeal raised the following two issues:

I. Does payment of compensation more that five years following an industrial accident extend the period during which a Claimant can ask for a modification of award under § 72–719, Idaho Code, and for further compensation and award under § 72–706, Idaho Code?

II. Are payments of medical benefits payments of compensation within the meaning of 72–706, payment of which extends the period within which a Claimant can make and file with the Commission an application requesting a hearing for further compensation and award and for modification of award?

decision by the Commission pursuant to the stipulation entered into before the Commission. However, if the potential ambiguity of the two compensation agreements had been reserved and not presented to or resolved by the Industrial Commission, then the factual basis for determining the appropriate statute of limitations and the effect of the payment of medical bills would be absent.

To attempt to resolve this problem, a review of the two compensation agreements, executed by Fowler and approved by the Commission, is appropriate.

■ 1. The 1973 compensation agreement, involving Fowler's 1972 accident, is not a *Woodvine* type compensation agreement containing the ambiguous "and/or" language. Rather, the agreement clearly provides for an award of disability which was approved by the Industrial Commission. After approval by the Commission it became an "award" which, under I.C. §§ 72–711 and 72–718, is final and conclusive as to claimant's disability caused by the 1972 industrial accident. I.C. § 72–719 is the applicable statute of limitations regarding modifications to the 1973 agreement. Since claimant's application for modification was not filed within five years of the date of the accident causing the injury, as required by I.C. § 72–719, the 1973 compensation agreement cannot be reopened or modified regardless of whether the employer has paid additional "compensation," be it income benefits or medical benefits. Under I.C. § 72–718 the 1973 agreement was "final and conclusive" as to that disability determination, and I.C. § 72–706 has no application to it. Accordingly, we reaffirm the Commission's conclusion that Fowler's application regarding the 1973 agreement is time-barred.

■ 2. The 1976 compensation agreement, however, is a *Woodvine* type "and/or" agreement which, in the *Woodvine* case, we held could be construed to be ambiguous. *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984). While "[d]etermination of whether a document is ambiguous is itself a question of law," *DeLancey v. DeLancey*, 110 Idaho 63, 65, 714 P.2d 32, 34 (1986), "[i]nterpretation of an ambiguous document presents a question of fact." *Id. Accord Woodvine.* Thus, the interpretation of the 1976 compensation agreement was a question of fact which, if raised, should have been decided by the Commission. Since it is arguable that the ambiguity issue was reserved as a result of the stipulation of the parties, we remand the matter to the Commission to resolve the ambiguity question involved in the 1976 agreement.

Should the Commission find that the 1976 agreement did indeed determine disability, then when approved by the Commission it became an "award" which is "final and conclusive as to all matters adjudicated therein," I.C. §§ 72–711 and 72–718; *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984), and, like the 1973 agreement, Fowler's application regarding the 1976 agreement would be time-barred. I.C. § 72–719.

On the other hand, should the Commission find that the Commission-approved 1976 compensation agreement only determined impairment, then the award therein is not final as to disability because under I.C. § 72–718 such an award is only "conclusive as to all matters adjudicated by the Commission...." In that event, I.C. § 72–706 is the applicable statute of limitations. *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984). In determining whether that statute of limitations has run, the Commission should review our decisions in the recent cases of *Bainbridge v. Boise Cascade Plywood Mill*, 111 Idaho 79, 721 P.2d 179 (1986) (compensation as used in I.C. § 72–706(2) includes both income and medical benefits); and *Ryen v. City of Coeur d' Alene*, 115 Idaho 791, 770 P.2d 800 (1989).

The Commission's decision that Fowler's application regarding the 1973 compensation agreement is time-barred is affirmed. The Commission's decision that Fowler's application regarding the 1976 compensation agreement is time-barred is reversed and remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded. No costs or attorney fees awarded on appeal.

SHEPARD, C.J., and BISTLINE, HUNTLEY and JOHNSON, JJ., concur.