895 P.2d 1215

**Gloria ADAMS, Claimant,**

v.

**CARIBOU MEMORIAL HOSPITAL, Employer, and State Insurance Fund, Surety, Petitioners–Appellants,**

**and**

**State of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Respondent.**

No. 20942

Supreme Court of Idaho,
Boise, December 1994 Term.

May 15, 1995.

Evans, Keane, Boise, for appellants. Jon M. Bauman argued.

Mallea & Scrivner, Boise, for respondent. Wesley L. Scrivner argued.

JOHNSON, Justice.

This case concerns whether workers' compensation benefits paid during an employee's retraining period (retraining benefits) are exempt from the five percent excise levy (the levy) imposed by I.C. § 72–327(1). We conclude that retraining benefits are exempt from the levy.

### I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Gloria Adams (the claimant) was injured while employed at Caribou Memorial Hospital (the employer), and received workers' compensation benefits from the state insurance fund (SIF), the surety for the employer.

The claimant was treated for her injury and returned to work five months later, with restrictions on her lifting and bending. Through the Industrial Commission's division of vocational rehabilitation (the rehabilitation division), the claimant was offered a position as a teacher's aide. The claimant, a consultant for the rehabilitation division, SIF, and the employer entered into an agreement (the retraining agreement) providing that the claimant would be retrained on the job for the teacher's aide position and would receive "total temporary disability benefits" for a four-month period while she was being retrained. Pursuant to the retraining agreement, SIF paid the claimant $3,243.03 in retraining benefits while she was being retrained.

The industrial special indemnity fund (ISIF) demanded that SIF pay the levy on the retraining benefits paid to the claimant. SIF refused to pay the levy, claiming that the retraining benefits paid to the claimant were total temporary disability "income" benefits excluded from the levy by I.C. § 72–327(1). ISIF contended that retraining benefits are distinct from disability income benefits, and therefore not excluded from the levy.

SIF petitioned the Industrial Commission for a declaratory ruling that the levy does not apply to retraining benefits. The Commission issued a declaratory ruling that the exclusion of disability income benefits from the levy includes only benefits paid to a claimant during a period of recovery, as opposed to benefits paid to a claimant during a period of retraining. SIF appealed.

## II.

### THE RETRAINING BENEFITS ARE EXEMPT FROM THE LEVY.

SIF asserts that retraining benefits are excluded from the levy. We agree.

We resolve this case by referring to three sections of the workers' compensation law: I.C. §§ 72–327(1), 72–102(13), and 72–450.

I.C. § 72–327(1) imposes on employers a levy of five percent on "all benefits or other considerations" paid to an employee under the workers' compensation law. The levy is paid "to the industrial commission, for deposit in the industrial special indemnity fund." "[A]mounts paid or owing by an employer for total temporary or partial temporary disability income benefits" are excluded from the levy. I.C. § 72–327(1) (1989).

I.C. § 72–102(13) defines "income benefits" as "payments provided for or made under the provisions of this law to the injured employee disabled by an injury or occupational disease, ..., excluding medical and related benefits." I.C. § 72–102(13) (1994). Retraining benefits are not related to medical expenses, but are "provided for or made under the provisions of [the workers' compensation] law to [an] injured employee disabled by an injury." I.C. § 72–102(13) (1994). Therefore, the retraining benefits are "income benefits" within the meaning of I.C. § 72–102(13). *See also Fowler v. City of Rexburg*, 116 Idaho 1, 3 n. 5, 773 P.2d 269, 271 n. 5 (1988) (referring to retraining benefits as "income benefits").

I.C. § 72–450 provides that after a claimant's "period of recovery" ends, "the employer shall continue to pay the disabled employee, as a subsistence benefit, temporary total or temporary partial disability benefits," if the employee is eligible for retraining. Thus, under I.C. § 72–450, payments made to support an injured employee during a period of retraining are "temporary total or temporary partial disability benefits." I.C. § 72–432(9) refers to "[t]he extension of total temporary disability benefits during retraining as authorized by section 72–450." This reiterates the description in I.C. § 72–450 of benefits paid to support an employee during retraining as "temporary total or temporary partial disability benefits."

## III.

### CONCLUSION.

We reverse the Commission's declaratory ruling.

We award SIF costs on appeal.

McDEVITT, C.J., TROUT and SILAK, JJ., and YOUNG, Justice Pro Tem., concur.