124 P.3d 1002

**Paul E. FRANK, Claimant–Appellant,**

**v.**

**The BUNKER HILL COMPANY, Self–Insured Employer, Defendant–Respondent,**

**and**

**Gulf USA Corporation and Pintlar Corporation, Interested Parties–Respondents.**

No. 30719.

Supreme Court of Idaho, Moscow, October 2005 Term.

Nov. 23, 2005.

John P. Rose, Jr., P.C., Kellogg, Idaho, for appellant. John P. Rose, Jr., argued.

Givens Pursley, LLP, Boise, for interested parties-respondents, Gulf USA Corporation and Pintlar corporation. J. Will Varin argued.

JONES, Justice.

The appellant, Paul E. Frank, sought to reopen his disability claim, which arose from a mining injury he sustained in 1980. Frank appeals from the Industrial Commission's dismissal based on statute of limitations grounds.

## I.

### BACKGROUND FACTS AND PROCEDURE

Frank was injured in a mining incident in November 1980 while employed by the Bunker Hill Company (Bunker Hill). He filed a worker's compensation claim and was awarded total permanent disability in July 1984. Upon rehearing requested by Bunker Hill, the Commission modified its order in 1986, reducing the award to 55% total and permanent disability. Frank appealed to this Court, which affirmed in an opinion issued in 1988, and in an addendum to the opinion made in 1990. *See Frank v. Bunker Hill Co.*, 117 Idaho 790, 792 P.2d 815 (1988) addendum after rehearing (1990).

On May 22, 1991, Frank filed an application for hearing requesting a redetermination of his disability rating. He claimed that his condition had deteriorated, entitling him to an award of total permanent disability. In addition, he sought a ruling allowing him to offset his incurred medical expenses against an overpayment of disability compensation. Bunker Hill had overpaid disability compensation, based on the initial total disability rating.

On June 4, 1991, Bunker Hill responded to the application for hearing, asserting that Frank's claim for additional disability benefits was barred by the statute of limitations in Idaho Code § 72–719. The parties stipulated to present the following issues for determination:

(1) Whether the Idaho Code and applicable case law bar Claimant from having a hearing to determine if he is entitled to reinstatement of total temporary income benefits, and an award of total permanent disability.

(2) Whether the Claimant is entitled to an offset for medical expenses incurred by Claimant against overpayment of disability compensation made by Employer pursuant to the Industrial Commission's prior award.

The Commission confirmed the stipulation by order filed on January 14, 1992. Bunker Hill subsequently moved to dismiss on the first issue based on the time bar in I.C. § 72–719. By order filed on July 15, 1992, the Commission granted the motion to dismiss. Frank moved for reconsideration, but the Commission denied his motion by order filed on February 22, 1993. Frank then sought to disqualify one of the commissioners, based upon a claim of conflict of interest. The commissioner filed a statement of disqualification and withdrew from further proceedings. In a subsequent status conference the referee informed the parties that these orders would not be considered binding.

Bunker Hill's attorney filed a notice of substitution of counsel on January 7, 1994. The case apparently went into hibernation for six years. The next entry in the record was on April 21, 2000, when the referee filed a notice of intent to recommend dismissal for lack of prosecution. At the oral argument on appeal, Frank's attorney asserted that he had withheld taking further action during this six-year period, based upon a demand by an attorney for Pintlar Corporation and Gulf USA Corporation (Gulf) that he acted against them at his peril since they were involved in bankruptcy proceedings and had the benefit of the automatic stay. It is not clear why this demand would have been of concern since neither entity was a party to the matter at the time (and it is not apparent that any action has ever been taken to make them parties). In any event, the case was retained and set for a status conference. Bunker Hill's attorney then moved for leave to withdraw. Such leave was granted on July 18, 2000.

Nothing more appears of record until June 6, 2002, when the referee filed another notice of intent to recommend dismissal for inaction. The notice was served on Frank's counsel and upon Bunker Limited Partnership, rather than Bunker Hill. From that point until May 9, 2003, Bunker Limited Partnership appeared in the service list and Bunker Hill did not. Frank moved to retain the case and the motion was heard on September 19, 2002. Five days later the Commission filed an order allowing Frank until January 20, 2003, to file a default, failing which the action would be dismissed. That order was served only upon Frank and Bunker Limited Partnership. Frank then filed a notice of intent to take default against Bunker Hill, Gulf and Bunker Limited Partnership. The affidavit of mailing does not indicate service upon Bunker Hill. Gulf then sought a status conference to find out why it was the subject of a proposed default. There appears to be no answer to this question in the record.

Frank again moved for entry of default against Bunker Hill on January 17, 2003, listing its address as Gulf USA Corporation. The motion was not served upon Bunker Hill. Counsel for Gulf filed a document on January 21, 2003, for the first time listing himself as attorney for both Pintlar and Gulf.[1] A status

1. Curiously, Pintlar and Gulf have participated in the action ever since this filing, including full

conference was held on March 31, 2003, in which the referee requested the parties to prepare an individual or joint statement defining legal/procedural issues. After having been unrepresented in the case for approximately three years, an attorney filed a statement of legal/procedural issues on behalf of Bunker Hill on May 9, 2003. On the same day, the attorney for Pintlar and Gulf filed a similar statement. Together with that statement, the attorney for Gulf and Pintlar filed an affidavit showing that those entities had filed a Chapter 11 bankruptcy proceeding, that their reorganization plan had been confirmed by the bankruptcy court, and that they had been discharged and released from all claims, except as otherwise provided in the plan. On July 28, 2003, Frank filed a motion to strike certain briefing submitted by Pintlar and Gulf based, among other things, on the contention that, "Bunker Hill Company is, and at all times has been, the defendant in this action. At no time has Pintlar or Gulf Resources been named a party to this action. At no time has Pintlar or Gulf USA has been substituted as the real party in interest." Counsel for Gulf and Pintlar responded, saying that they should not be, and did not wish to be, parties to the action but they were participating in order to defend against the notice of intent to take default which had been served on them. They urged dismissal of the action as against them.

On May 15, 2003, the Commission entered an order stating that it would consider the effect of I.C. § 72–719 on Frank's claim, reserving all other issues. On July 30, 2003, Frank filed a motion seeking an order to allow him to proceed against Bunker Hill's self-insurer's compensation bond for certain medical expenses he claimed to have incurred. Bunker Hill responded by noting that Bunker Hill's bond on file with the state treasurer had been canceled effective on March 10, 1983.

On December 12, 2003, the referee issued findings in which he determined that Frank's action was time barred under Section 72–719 and denied the motion to proceed against the bond, presumably by virtue of application of the statute of limitations. The Commission adopted the referee's findings, dismissed Frank's claim with prejudice, and declared its decision final and conclusive as to all matters adjudicated. Frank requested reconsideration asserting that the Commission had failed to rule upon the liability of "the defendant" for the continuing cost of medical care for Frank's industrial injury. Bunker Hill responded that the question of coverage of continuing medical expenses had not been decided by the Commission because it was not identified by the parties as an issue to be addressed. Gulf and Pintlar responded stating that there was nothing in the order regarding medical costs for the Commission to reconsider and that, in any event, they were not proper parties and not responsible for Frank's medical care. On March 24, 2004, the Commission filed its order denying reconsideration. Frank filed a timely appeal. Counsel for Bunker Hill filed a motion to withdraw, which was granted by this Court. On August 24, 2004, the Court entered an order prohibiting Bunker Hill from appearing further in the appeal without a subsequent court order. No such order was ever entered.

## II.

### ISSUES

1. Whether the Commission erred in holding that I.C. § 72–719 barred Frank's claim for additional disability compensation.

2. Whether the Commission ruled on the offset issue.

3. Whether the issue of medical expenses was properly before the Commission.

participation in the appeal. It is unknown why Frank sought default against these parties or why the Industrial Commission began including them in the service list. No claims have been asserted against them and no order has made them parties to the proceeding. Nonetheless, the attorney representing Gulf and Pintlar participated in the proceedings before the referee, before the Industrial Commission, and before this Court. The Court will treat their input as amicus curiae in accordance with Idaho Appellate Rule 8. Thus, reference is hereafter made to argument and authorities submitted by Gulf and Pintlar.

4. Whether either party is entitled to attorney fees.

## III.

## ANALYSIS

### A. Standard of Review

■ The standard of review of an Industrial Commission decision is twofold. This Court exercises de novo review of the Commission's legal conclusions. *Stewart v. Sun Valley Co.,* 140 Idaho 381, 384, 94 P.3d 686, 689 (2004). However, the Court will not disturb the Commission's factual findings so long as they are supported by substantial and competent evidence. I.C. § 72–732; *Snyder v. Burl C. Lange, Inc.,* 109 Idaho 167, 169, 706 P.2d 56, 58 (1985).

### B. The Industrial Commission Correctly Held That Frank's Claim For Additional Disability Compensation Was Barred By I.C. § 72–719

■ Frank argues that he is entitled to additional compensation and a total permanent disability rating because of his worsening condition. He contends his claim is not barred and that he has a right to pursue it under I.C. § 72–706(2) because the 1986 Commission decision was not final and the Commission still has jurisdiction. Gulf and Pintlar assert the Commission's decision was final. Therefore, they say, I.C. § 72–706 does not apply, the Commission no longer has jurisdiction, and I.C. § 72–718 and § 72–719 bar Frank's claim. The Commission agreed and it is correct.

Both I.C. § 72–706 and I.C. § 72–719 provide limitations periods for Industrial Commission proceedings. Idaho Code § 72–706 applies only when the Commission has not made a final award. *Fowler v. City of Rexburg,* 116 Idaho 1, 2–3, 773 P.2d 269, 270–71 (1988). If there is no final award, the applicable version of I.C. § 72–706 permitted an employee to file a claim when the employer discontinued compensation more than five years after an accident, provided the employee filed the claim within one year after the last payment of compensation. I.C. § 72–706(2) (1980). However, if there is a final award, I.C. § 72–719, not I.C. § 72–706, applies. *Fowler,* 116 Idaho at 2–3, 773 P.2d 269. Idaho Code § 72–719 allows a party to move for modification of a final award within five years of the accident if there was a change in the extent or nature of the employee's injury or disablement or if there was fraud. I.C. § 72–719(1).

To determine which statute applies, it is necessary for the Court to determine whether the Commission's award was final. Idaho Code § 72–718 provides that a Commission decision is "final and conclusive as to all matters adjudicated." Absent a contrary statement in the Commission's decision, the Court has held that a permanent disability rating and award is final if the Commission evaluated both the "present and probable future ability of the claimant to engage in gainful activity." *Reynolds v. Browning Ferris Industries,* 113 Idaho 965, 969, 751 P.2d 113, 117 (1988) (quoting I.C. § 72–425) (quotations omitted).

In the current case, as found by the referee and confirmed by the Commission in its 2003 decision, the 1986 decision did just that. In the 1986 decision, the Commission evaluated Frank's "medical factor of permanent impairment" and the "pertinent nonmedical factors," such as his future ability to work. I.C. § 72–425. The Commission then concluded that Frank suffered from a "permanent partial disability of 55% of the whole man." Frank argues that this conclusion was not final because the Commission's findings of fact contain references that Frank's condition might worsen. This argument is without basis. As explained in *Reynolds,* the Commission may "estimate claimant's probable future disability and reduce it to present value for the purpose of making a final award which takes into account probable future changes in impairment." 113 Idaho at 969, 751 P.2d at 117. Therefore, contrary to Frank's argument, the Commission was permitted to include and consider evidence of a probable change in Frank's condition when making its final decision. *Id.* This does not mean that the Commission's decision was not final or that the Commission retained jurisdiction. On the contrary, the 1986 decision

was final and I.C. § 72–719 applies. *See Fowler*, 116 Idaho at 2–3, 773 P.2d at 270–71.

■ Next, Frank argues that the five year limitation period in I.C. § 72–719(1) was waived by Bunker Hill because it was Bunker Hill's petition for reconsideration that caused the final Commission decision to fall outside this limitation period. Frank incorrectly cites *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 682 P.2d 1263 (1984) in support of this contention. The Court in *Woodvine* specifically stated that it would not address "whether the act of entering into an agreement after the expiration of the modification period may constitute a waiver of that period by the employer." *Id.* at 1266. Even if it did, that proposition would be factually dissimilar to the current case. *Woodvine* concerned a voluntary agreement between the employer and employee, as well as voluntary compensation payments made by the employer prior to the execution of the agreement. The current case involves a mandatory order binding upon the parties, not a voluntary agreement. While Bunker Hill may have requested the rehearing, it had no control over the Commission's final decision or the timing of that decision. For this reason, it is difficult to find that Bunker Hill waived the statute of limitations. Further, the statutory language does not lend itself to creating a waiver. Had the Legislature intended to exempt certain cases, such as those with an agreement or award made after the limitations period has run, it could have stated so in the Code. However, the Legislature did not. The following language in the statute is dispositive: "On application made by a party in interest **filed with the commission at any time within five (5) years of the date of the accident causing the injury** ..." I.C. § 72–719(1) (emphasis added).

## C. The Offset Issue Was Not Addressed

■ Frank had sought a ruling allowing him to offset medical expenses incurred for treatment of his industrial injury against the amount of overpayment made by Bunker Hill with respect to his disability compensation. There is no evidence in the record indicating when such medical expenses were alleged to have been incurred, what the amount was, or

whether he was receiving continuing medical care. Frank's attorney was unable to provide any enlightenment on these matters during oral argument. Neither the referee nor the Commission addressed this issue. Therefore, we remand so that the issue can be determined.

## D. The Medical Expense Issue Was Before The Commission

■ On July 30, 2003, Frank filed a motion seeking to proceed against Bunker Hill's bond for payment of medical expenses he claimed to have incurred as a result of his injury. The referee denied the motion, observing that it presumed Frank had a valid claim and finding that he did not. Reading between the lines, it appears that the denial was based upon the finding that Frank's request to reopen the disability issue was precluded by I.C. § 72–719. The referee's denial of the motion was approved and confirmed by the Commission.

If the denial was based upon I.C. § 72–719, the Commission was wrong. That limitations provision does not apply to medical benefits payable under I.C. § 72–432. Idaho Code § 72–432(1) obligates the employer to pay reasonable medical benefits for a work-related injury for a reasonable time after the injury. This Court has held that an employer's liability for payment of medical benefits is not subject to other limitations provisions of the worker's compensation laws, such as I.C. § 72–719 and I.C. § 72–706. Rather, the injured employee may receive medical benefits for a reasonable time after the injury. *Steinebach v. Hoff Lumber Co.*, 98 Idaho 428, 432, 566 P.2d 377, 381 (1977); *Walters v. Blincoe's Magic Valley Packing Co.*, 117 Idaho 239, 244, 787 P.2d 225, 230 (1989) rehearing (1990). A reasonable time after the injury could be shorter or longer than the five years provided for in I.C. § 72–719, depending upon the facts of any particular case. The limitations provision in Section 72–719 would not bar a properly framed claim for additional medical benefits.

The medical expense issue was raised by Frank at the outset of this case, although in a tangential manner. In his initial filing, Frank raised two issues—whether his deteriorating condition entitled him to an award of

total permanent disability and whether he was entitled to offset his medical expenses against the disability compensation overpayment. The second issue stated by Frank would certainly indicate that he was continuing to incur medical expenses for treatment of his injuries. He sought to retain the overpayment as a source of funding for these ongoing expenses. In his Statement of Legal/Procedural Issues filed on May 12, 2003, Frank identified one of his issues as, "The nature and extend (sic) of liability to Claimant for past medical and insurance costs incurred by Claimant to care for the results of his industrial injury." And, when the July 30, 2003 motion was filed, he again brought up the issue. The Commission never ruled upon it.

In his motion seeking reconsideration, Frank asserted that the Commission had failed to rule upon the issue of liability for continuing medical care expenses. Bunker Hill, Gulf and Pintlar essentially agreed, asserting that the issue had not been raised. In its order denying reconsideration the Commission acknowledged the parties' assertions but ruled that the "only issue appropriate for reconsideration ... is the effect of Idaho Code § 72–719 on Claimant's assertion of deteriorating condition." The question of Frank's entitlement to additional medical benefits was raised, but was not litigated, and not decided. Therefore, the Commission must determine this issue upon remand.

**E. None of the Parties Is Entitled To Attorney Fees**

 Frank asserts that he is entitled to attorney fees on appeal under I.C. § 72–804. Idaho Code § 72–804 allows the Court to award attorney fees when an employer or surety contests a claim for compensation without reasonable cause, fails to pay required compensation within a reasonable time, or discontinues benefits without reasonable grounds. Frank made conclusive statements concerning these elements, but failed to prove any of them. Therefore, attorney fees are not proper.

Gulf and Pintlar claim that they are entitled to attorney fees under I.A.R. 11.1 because Frank's claims were not well grounded in fact or warranted by existing law and were not made in good faith. Under I.A.R. 11.1 sanctions will be awarded on appeal if the party requesting them proves: (1) the other party's arguments are not well grounded in fact, warranted by existing law, or made in good faith, and (2) the claims were brought for an improper purpose, such as unnecessary delay or increase in the costs of litigation. *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003). Gulf and Pintlar did not address the second element: whether Frank or his attorney pursued this appeal for an improper purpose. There is no indication that the appeal was brought for any improper purpose and, therefore, sanctions will not be imposed.

## IV.

### CONCLUSION

The Commission's decision is affirmed insofar as it dismissed Frank's claim for additional disability compensation. The Commission's decision is reversed insofar as it dismissed Frank's other claims. The offset issue was not decided by the Commission, nor was the issue of Frank's entitlement to additional medical benefits. The case is remanded to consider these and any other remaining issues.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.

